Calvin C. NANCE, Petitioner,

v.

**BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR; Director, Office of Workers Compensation Programs, Respondents.**

No. 87–2650.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1988.

Decided Nov. 4, 1988.

Curtis Michael Kendall (Lockwood, Alex, Fitzgibbon & Cummings, Thomas E. Johnson, Chicago, Ill., on brief), for petitioner.

Patricia May Nece (George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., Barbara J. Johnson, Counsel for Appellate Litigation; Sylvia T. Kaser, Asst. Counsel for Appellate Litigation, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., on brief), for respondents.

Before WIDENER and WILKINS, Circuit Judges, and NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.

WIDENER, Circuit Judge:

Calvin C. Nance petitions for review of an order of the Benefits Review Board affirming the order of the Administrative Law Judge (ALJ) denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. We vacate and remand with instructions.

Nance filed his claim for black lung disability benefits on November 13, 1981. After the Department of Labor denied the claim, Nance requested and received a hearing before an ALJ. The medical evidence adduced at the hearing consisted of a single round of pulmonary testing which had been performed in December 1981 at the Chicago Black Lung Clinics Program of Cook County Hospital. The blood-gas tests taken at rest did not indicate disability [1] and the only X-ray taken was read as negative for pneumoconiosis. Dr. Vivek Sachdev, associated with the Clinics Program, conducted a physical examination of Nance. After conducting the examination, Dr. Sachdev completed the U.S. Department of Labor form CM–988, then in use, concluding with a diagnosis of, inter alia, "probable coal workers' pneumoconiosis [not] evi-

1. Pulmonary testing after exercise was contraindicated because of Nance's uncontrolled hypertension and history of angina.

dent on chest X-ray".[2] In addition to the diagnosis, Dr. Sachdev reported that in his medical assessment Nance was capable of walking "about one block without SOB"; could climb "about 6–7 staircases without getting SOB"[3]; can lift "10 lbs."; and could carry "5 lbs. ½ block distance".

At the hearing, Nance testified regarding his coal mine employment. His unrebutted testimony was that his duties as a miner had often required lifting and carrying timbers weighing 45–50 pounds; lifting and carrying, with the assistance of other miners, timbers and track rails weighing between one hundred and five hundred pounds or more; lifting derailed coal cars back onto the track; running alongside coal trains comprised of between 30–40 cars, in the mines, in order to set the switches guiding the train; and shoveling spilled coal back into railroad cars. The Director offered no evidence which contradicted Nance's testimony concerning the nature of his duties as a coal miner. Additionally, the only evidence relevant to Nance's disability that was before the ALJ was the pulmonary study, Dr. Sachdev's report and Nance's testimony.

The ALJ determined that Nance had worked 10 years and seven months in the coal mines. He also determined that, pursuant to the applicable regulations, Nance had to establish the existence of pneumoconiosis by submitting a diagnosis of a physician exercising sound medical judgment.[4]

The ALJ denied benefits, finding that Dr. Sachdev's diagnosis of "probable coal workers' pneumoconiosis" was not a diagnosis of pneumoconiosis. The ALJ held that the "report of Dr. Sachdev, the only medical opinion of record," spoke in terms of "probabilities" and was not capable of being interpreted as a diagnosis of the existence of pneumoconiosis. Upon his finding that Nance failed to meet this threshold requirement, the ALJ further held that total disability could not be established.

Nance appealed the ALJ's decision and order to the Benefits Review Board. In that appeal, the Director took the position, as he does before us, that the order of the ALJ must be remanded so that the ALJ may further consider the matter and support his decision with a proper statement of reasons. The Board, however, treated the Director's motion for remand as a response brief, and decided the case on the merits. The Board affirmed the denial of benefits, characterizing the ALJ's finding with respect to Dr. Sachdev's report as "primarily a credibility determination," and thus within the bounds of discretion afforded the ALJ. The Board also adopted the ALJ's determination that Nance's "diagnosed conditions were due to his coal mine employment." Nance has appealed the adverse decision of the Board.

■ We take it from the wording of the ALJ's opinion that his finding that he

---

2. Subpart d of Part 7 of Form CM–988 asks the following question of the examining physician:
   d. In your opinion is the diagnosed condition related to dust exposure in the patient's coal mine employment?
   Dr. Sachdev answered the question by checking the box marked "yes" and provided further that the "patient has had significant exposure to coal dust from 13 years in the mines."

3. While Dr. Sachdev reports Nance is capable of climbing 6–7 staircases, it is obvious that he meant to list 6–7 stairsteps. This interpretation is consistent with the remainder of the medical assessment as well as with the diagnosis.
   The meaning of SOB is short of breath or shortness of breath.

4. The applicable regulations require that Nance first prove the existence of pneumoconiosis, 20 C.F.R. 718.202; then he must establish that it is related to his coal mine employment, 20 C.F.R. 718.203; and, finally, Nance must prove total

disability attributed to pneumoconiosis. 20 C.F.R. 718.204.

20 C.F.R. 718.202(a) provides for several methods capable of proving the existence of pneumoconiosis. We agree with the ALJ that the one applicable to Nance is 718.202(a)(4), which states:
   A determination of the existence of pneumoconiosis may also be made if a physician, exercising sound medical judgment, notwithstanding a negative X-ray, finds that the miner suffers or suffered from pneumoconiosis as defined in section 718.201. Any such finding shall be based on objective medical evidence such as blood-gas studies, electrocardiograms, pulmonary function studies, physical performance tests, physical examination, and medical and work histories. Such a finding shall be supported by a reasoned medical opinion.

found that there was no total disability did not depend on his finding that Nance did not have pneumoconiosis. That finding, which is not mentioned in the opinion of the Benefits Review Board, is without substantial evidence to support it. To be totally disabled under the statute, the miner must be disabled from performing his usual coal mine work, and from engaging in gainful employment in the immediate area of his residence requiring the skills or abilities comparable to those of employment in the mine. 20 C.F.R. § 718.204(b)(1)(2). The only evidence in the record is that Nance, in his job in the mines, was required to lift timbers of 45–50 pounds, lift and carry timbers and track rails with the assistance of other miners, which timbers and rails weighed between 100 and 500 pounds, lift derailed coal cars back onto the track, run alongside coal trains within the mine in order to set the switches, and shovel spilled coal back into cars. The evidence as to Nance's capacity to work is also uncontradicted. He could walk only one block without shortness of breath, could climb 6 or 7 stairs, could lift 10 pounds, or carry 5 pounds for ½ block. It is at once apparent that Nance was physically unable to engage in his usual coal mine work or comparable work outside the mine.

Dr. Sachdev diagnosed Nance's condition as probable coal worker's pneumoconiosis, but he also found, without contradiction, that "... the diagnosed condition related to dust exposure in the patient's coal mine employment."

On these facts, the ALJ found that the diagnosis of probable pneumoconiosis did not support a finding of pneumoconiosis, and the Benefits Review Board has affirmed that as a credibility finding. Statutory pneumoconiosis, however, is broader than the medical definition. 30 U.S.C. § 902(b) defines pneumoconiosis as a "chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." The regulations, 20 C.F.R. § 718.201, define "arising out of coal mine employment" to include "any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment."

It has been found as a fact by the ALJ and affirmed by the Board that whatever condition Nance has is related to dust exposure in Nance's coal mine employment. So, even considering without deciding that the ALJ was within his discretion in declining to give Dr. Sachdev's diagnosis of probable pneumoconiosis the weight which might ordinarily be expected, the only open question in the case is whether Nance has a "chronic dust disease of the lung" or "chronic pulmonary disease," resulting in "respiratory or pulmonary" impairment.

If an answer to those questions had to be had on this record, the answer would unquestionably be that Nance does have a chronic dust disease of the lung or a chronic pulmonary disease, resulting in respiratory or pulmonary impairment. The record shows that he has been hospitalized on three occasions, in 1973, 1976, and 1979, for acute shortness of breath, and it is obvious from the uncontradicted facts we have recited in recounting his disability that he is disabled from all but the lightest work on this account.

But this is not a factual finding which we had rather make, especially in the face of the position of the Director that the case should be remanded. While the scope of remand which we order is considerably more narrow than that which the Director would have, it nevertheless will give the Director a chance to show that Nance is not entitled to recovery if he is not.

The case is accordingly remanded with directions that if the Director can prove that Nance does not have a chronic dust disease of the lungs or a chronic pulmonary disease, resulting in respiratory or pulmonary impairment, then benefits should not be awarded. Otherwise, Nance should be awarded his benefits.

VACATED AND REMANDED WITH INSTRUCTIONS.