Mary L. PENDLETON, (Widow of Albert Burnett), Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 88–3513.

United States Court of Appeals, Fourth Circuit.

Argued June 7, 1989.

Decided Aug. 11, 1989.

Terrence Keech Martin (Gibson, Martin, Overman, Fisher & Carpenter, Newport News, Va., on brief), for petitioner.

Nicholas Joseph Levintow (George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol. for Black Lung Benefits, Sylvia T. Kaser, Counsel for Appellate Litigation, U.S. Department of Labor, Office of the Sol., Washington, D.C., on brief), for respondent.

Before WIDENER, MURNAGHAN and WILKINS, Circuit Judges.

MURNAGHAN, Circuit Judge:

Mary Pendleton, the wife of deceased coal miner Albert Burton, seeks review of the decision of the Benefits Review Board ("Board") affirming the denial of her claim for benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* Pendleton contends that the lay evidence of record is sufficient to invoke a presumption of total disability due to pneumoconiosis under the interim Labor Department's regulation at 20 C.F.R. § 727.203(a)(5). We review the administrative law judge's decision for substantial evidence to support the denial of benefits. *Hamrick v. Schweiker,* 679 F.2d 1078, 1082 (4th Cir.1982).

## I.

Albert Burton died from a mining accident on December 11, 1941, having worked in coal mines for thirteen years. His wife, Mary Pendleton, filed an application for black lung benefits on March 20, 1975.

An administrative law judge ("ALJ") heard Pendleton's claim on July 14, 1980. No medical evidence was presented at the hearing. Instead, Pendleton relied only on her testimony and other lay evidence which consisted of several letters and affidavits. In the order and decision dated September 10, 1980, the ALJ summarized the evidence as follows:

> Claimant during the last 2 years of his life had asthma like symptoms; experienced trembling, fever and chills; cough [sic] blood daily into handkerchiefs, had extreme difficulties in breathing; lost a great deal of weight during the final 2 years of his life (25 pounds); had difficulty climbing and was left breathless climbing hills that in prior years he had no difficulty with; worked regularly in underground mines up to his death; had a sinus problem which was opeated [sic] on unsuccessfully; stated he was having difficulty in working; was unable to engage in his recreation of horseshoe pitching; coughing increased during the last 2 years; was unable to walk even short distances because of his breathing difficulty and had to travel by car.

The ALJ determined that the lack of medical evidence precluded invocation of the presumptions under 20 C.F.R. § 727.203(a)(1)–(4) and denied the benefits.

In an order and decision dated June 15, 1980, the Board affirmed the ALJ's findings under § 727.203(a)(1)–(4) but reversed the denial of benefits and remanded Pendleton's case for a determination of whether the evidence supported invocation of the

presumption under § 727.203(a)(5) which does not require that any medical evidence be shown. *See Pendleton v. Director, OWCP*, 8 BLR 1–242 (1984).

Upon remand, the ALJ credited the lay evidence but again denied benefits, finding that the evidence of record was insufficient to invoke the presumption because "these difficulties do not equate to total disability nor cwp [pneumoconiosis]." *See* Order & Decision dated November 30, 1984. The ALJ also concluded that the uncontradicted fact that the deceased miner had continued to perform his usual coal mine work as a coal cutter and coal loader up until the time of the fatal accident showed that the decedent did not have a severe lung impairment or total disability. The Board affirmed and Pendleton appealed.

## II.

In 1978 the Secretary of Labor promulgated "interim regulations" to govern the processing of claims for black lung benefits filed between July 1, 1973, and April 1, 1980. *See* 20 C.F.R. pt. 727. Section 203 of the regulations prescribes five ways in which a claimant may prove that he or she is entitled to an "interim presumption" of eligibility. The question in the case at hand concerns the sufficiency of the evidence required to invoke the fifth "interim presumption" at 20 C.F.R. § 727.203(a)(5).[1]

▪ "Disability benefits are payable to a miner if (a) he or she is totally disabled; (b) the disability was caused, at least in part, by pneumoconiosis, and (c) the disability arose out of coal mine employment." *Mullins Coal Company, Inc. of Virginia v. Director, OWCP*, 484 U.S. 135, 108 S.Ct. 427, 431, 98 L.Ed.2d 450 (1987). Each of the conditions of eligibility is presumed if the claimant was engaged in coal mine employment for at least ten years and meets one of four medical requirements. *Id. See* 20 C.F.R. § 727.203(a)(1)–(4). The Supreme Court also observed that the claimant need not show causation to invoke any of the presumptions, but under the fourth method, the claimant must present proof of total disability. *Mullins*, 108 S.Ct. at 431–32.[2] Although the *Mullins* Court did not address the fifth presumption, the one at issue here, its language is similar to the language of the fourth presumption and requires that the claimant present proof of total disability.[3] Consequently, to invoke the presumption, Pendleton must prove all necessary facts under § 727.203(a)(5) by a "preponderance of the evidence." *See Mullins*, 108 S.Ct. at 429 (rejecting prior Fourth Circuit decision allowing a single item of qualifying medical evidence to satisfy automatically requirements for presumptions under § 727.203(a)). The necessary facts under § 727.203(a)(5) are a health impairment which is (1) respiratory or pulmonary in nature and (2) totally disabling.[4]

▪ In the order and decision dated November 30, 1984, the ALJ stated:

The decedent was continuously employed in the coal mines until his death

---

1. Section 727.203(a)(5) provides:

    (a) *Establishing interim presumption.* A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:

    . . . .

    (5) In the case of a deceased miner where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment.

2. The claimant must "establish the presence of a totally disabling respiratory or pulmonary impairment," § 727.203(a)(4), and not that pneumoconiosis caused the total disability. Only the first interim presumption requires proof that the claimant's disease is in fact pneumoconiosis. *Mullins*, 108 S.Ct. at 431–32.

3. Again, no proof of the existence of pneumoconiosis is required—only that a totally disabling respiratory or pulmonary impairment is present.

4. The interim presumptions under § 727.203(a)(4) and (a)(5) require the applicant to demonstrate total disability as part of the *prima facie* proof of invocation. Such is not the case with respect to the interim presumptions under § 727.203(a)(1)–(a)(3). Under those, total disability is presumed as a result of proper invocation and the applicant need not prove total disability as part of the *prima facie* case.

apparently without any reduction in performance. (T. 14). Even though claimant's evidence is credited that claimant did have problems such as chest pains, coughing, dizziness, weight loss and exertional difficulties at home, these difficulties do not equate to total disability nor cwp [pneumoconiosis].

If the decedent had a severe lung impairment or total disability, as contemplated by the Act, he would not, with all probability, have worked continuously without interruption in the coal mines. Pendleton contends that the lay evidence is sufficient to invoke the interim presumption under § 727.203(a)(5) and that the ALJ erred in considering evidence of the miner's continued employment at the invocation stage to conclude that Pendleton failed to demonstrate total disability.

Pendleton's testimony indicated that her husband's conditions worsened two years before he died. He had greater breathing difficulty, coughed up blood daily, suffered from chest pains and lost 25 pounds in body weight. However, the insufficiency of the lay evidence lies not with Pendleton's failure to establish that her husband's ailments were respiratory or pulmonary in nature. Rather, Pendleton has failed to prove that the severity of her husband's respiratory problems rose to the level of total disability.

According to Pendleton's testimony, her husband's increased health difficulties prevented him from participating in leisure activities like pitching horseshoes, forced him to drive a car when going short distances instead of walking and resulted in his overly-tired condition when he returned from work or when he did exertional activities at home. Pendleton also testified that her husband continued to work as a coal cutter and coal loader up until his fatal accident. She stated that he worked when he was required to, including overtime. In direct response to the ALJ's question concerning the miner's reduced job performance, Pendleton quite candidly admitted she did not know how the decedent performed on the job, but that he came home tired. She related that there was only one time when her husband came home early because of being so dizzy and fatigued that he could not continue to work that day. That incident occurred four years prior to his death.

Upon this record, there is substantial evidence to support the ALJ's determination that the fifth presumption could not be invoked.

Moreover, the ALJ did not err in considering the fact that the decedent had continued to work until his death to find that Pendleton had failed to prove total disability under § 727.203(a)(5). *See Dempsey v. Director, OWCP,* 811 F.2d 1154, 1161 (7th Cir.1987) (ALJ may consider all relevant evidence, including employment, as long as the fact of employment does not *conclusively* determine that the miner was not totally disabled). *See also* 30 U.S.C. § 902(f)(1)(B); 20 C.F.R. § 727.205(a).

Since the ALJ's findings are supported by substantial evidence, the denial of benefits is affirmed.[5]

AFFIRMED.

---

5. Pendleton has not argued that the interim presumption under 20 C.F.R. Part 410 should be invoked. Although she mentions Part 410 in the conclusion of her brief, her notice of appeal did not present the issue and she completely fails to discuss the merits in her brief. We, therefore, do not consider the merits.