914 F.2d 248
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence MULLINS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-2988.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 23, 1990.
Decided Sept. 17, 1990.
 
 Clarence Mullins, petitioner pro se.
 Rae Ellen James, Rita Roppolo, Lawrence W. Rogers, Barbara J. Johnson, United States Department of Labor, Washington, D.C., for respondent.
 Before PHILLIPS, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clarence Mullins, a coal miner for 21.25 years, filed a claim seeking black lung benefits pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. Because the administrative law judge (ALJ) erred when considering whether there was invocation of the interim presumption of disability pursuant to 20 C.F.R. Sec. 727.203, erred in finding rebuttal of the presumption, and failed to consider 20 C.F.R. Sec. 410.490, we remand for further consideration.
 
 
 2
 The ALJ found that Mullins was entitled to invocation of the interim presumption of disability under 20 C.F.R. Sec. 727.203(a)(1) and (a)(3) on the basis of positive X-rays and a qualifying blood gas study. The ALJ relied on the holding in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), rev'd sub. nom. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1987), that a single piece of qualifying evidence required invocation. The ALJ found rebuttal of the presumption based on Sec. 727.203(b)(2) because a medical opinion stated that Mullins could do his regular coal mine work from a pulmonary standpoint. He also found rebuttal pursuant to Sec. 727.203(b)(4) based on a medical opinion that Mullins did not have pneumoconiosis.
 
 
 3
 On appeal, the Benefits Review Board (Board), relying on the decision in Mullins, found that the ALJ had erred in finding invocation, noting that all conflicting evidence should be weighed in determining whether the interim presumption of disability is invoked. However, the Board found that it constituted harmless error because the ALJ properly found rebuttal pursuant to Sec. 727.203(b)(4). The Board found that the ALJ erred in finding rebuttal under Sec. 727.203(b)(2) because the evidence did not show that Mullins was disabled from a whole-man standpoint, as required by Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir.1987).
 
 
 4
 We agree with the Board that the ALJ improperly found automatic invocation of the interim presumption of disability without weighing the conflicting evidence. In Mullins, supra, the Supreme Court held that conflicting evidence should be weighed before invocation can be found.
 
 
 5
 We also agree that the ALJ erred in finding rebuttal pursuant to Sec. 727.203(b)(2). In Sykes, supra, this Court held that Sec. (b)(2) rebuttal is not available upon a mere showing of no respiratory impairment. Thus, the medical opinion that Mullins should be able to do his usual work as far as his pulmonary system is concerned, upon which the ALJ relied, is insufficient to establish Sec. (b)(2) rebuttal.
 
 
 6
 Further, we hold that the ALJ erred in finding evidence of no pneumoconiosis and therefore finding rebuttal under Sec. 727.203(b)(4). Section 727.202 defines pneumoconiosis as a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments arising out of coal mine employment. See Daugherty v. Dean Jones Coal Co., 895 F.2d 130 (4th Cir.1989). Statutory pneumoconiosis, therefore, is broader than the medical definition. Nance v. Benefits Review Board, 861 F.2d 68 (4th Cir.1988). See also Pavesi v. Director, OWCP, 735 F.2d 956, 964 (3d Cir.1985).
 
 
 7
 The ALJ relied on Dr. Abernathy's 1987 report finding no indication of pneumoconiosis and found that the miner could return to his usual coal mine employment. However, Dr. Abernathy's 1984 report found that Mullins had possible coal workers' pneumoconiosis, chronic bronchitis, and heart disease, and stated that these conditions were related to coal mine employment. Dr. Abernathy's 1984 report satisfies the legal definition of pneumoconiosis, since it establishes a respiratory impairment related to coal mine employment.
 
 
 8
 Because the ALJ erred in finding rebuttal, his error in finding invocation of the presumption is not harmless. We therefore remand the case for reconsideration of the invocation of the interim presumption at Sec. 727.203(a)(1) and (a)(3) by weighing all like evidence in accordance with Mullins. On remand the ALJ need not review the evidence pursuant to Sec. 727.203(a)(2) and (a)(4) because the ALJ's finding of no invocation under those subsections was not raised as error by Mullins' counsel before the Board. If the ALJ determines on remand that invocation of the interim presumption of disability is established, then benefits should be awarded, as no rebuttal is established.
 
 
 9
 Finally, on remand the ALJ should evaluate the case pursuant to 20 C.F.R. Sec. 410.490 since it was filed in 1972. A claimant who files before April 1, 1980, is entitled to the application of the more favorable provisions of Sec. 410.490. Dayton v. Consolidation Coal Co., 895 F.2d 173 (4th Cir.1990); Taylor v. Clinchfield Coal Co., --- F.2d ---- (4th Cir. Feb. 5, 1990).
 
 
 10
 Accordingly, we remand for the reasons above. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 VACATED AND REMANDED WITH INSTRUCTIONS.