25 F.3d 1040
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Edith ROSE, Widow of Garland Rose, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 93-2045.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 9, 1994.
Decided: May 24, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-0848-BLA)
 Martin Douglas Wegbreit, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Virginia, for Petitioner.
 Elizabeth Lopes, United States Department of Labor, Washington, D.C., for Respondent.
 Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, United States Department of Labor, Washington, D.C., for Respondent.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WILKINS, Circuit Judge, and SPROUSE and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Edith Rose, the widow of Garland Rose, filed a claim for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945, after her husband was killed in a mining accident. After a hearing, the Administrative Law Judge ("ALJ") denied the benefits and the Benefits Review Board ("the Board") affirmed, this court reversed and remanded. We found that the decision was flawed because of an error appearing in the decedent's death certificate that led to confusion, and the ALJ did not supply the required analysis and discussion to support his conclusion. On remand the ALJ again denied benefits and the Board affirmed. On appeal, we affirm the ALJ's denial of benefits.
 
 I.
 
 2
 Garland Rose worked as a coal miner with several companies for a total of fifteen years. On May 17, 1967, while working as a motorman at the Oakwood-Red Ash mines, Mr. Rose was killed almost instantly when the roof of the mine collapsed. The death certificate lists the immediate cause of death as "laceration and contusion of the brain and lungs due to compound skull and rib fractures due to crushing injuries of the head and chest," but the certificate listed the date of the accident as January 17, 1967.
 
 
 3
 Edith Rose testified that she married her husband in 1946 and Mr. Rose began having breathing difficulties five or six years later. She testified that his breathing problems worsened over the years, and as a consequence, he was unable to help around the house or engage in activities such as hunting and fishing. She stated that he told her that while working he gasped for breath, but she admitted that until his death, he worked full days without breaking for lunch or resting. The evidence reflects that he continued to work as a motorman and never took a less demanding job, he never sought medical attention for his condition.
 
 
 4
 Affidavits of William Carver, a co-employee, and Melvin Davis, brother of Edith Rose, stated that Mr. Rose experienced coughing spells, was in poor health and had trouble breathing.
 
 
 5
 Edith Rose filed an application with the Department of Labor ("DOL") for survivor's benefits under the Black Lung Benefits Act on March 15, 1979. The DOL denied the claim, and per Mrs. Rose's request, the case was referred to the Office of Administrative Law Judges for a formal hearing, which resulted in an order on June 16, 1987 denying benefits. On appeal the Board affirmed.
 
 
 6
 Mrs. Rose appealed to the Fourth Circuit, and we reversed and remanded the case on two grounds. First, the court recognized that pursuant to 20 C.F.R. Sec. 727.203(a)(5) a deceased miner, who had worked for at least ten years in the mines, may be presumed totally disabled due to pneumoconiosis if the lay evidence proves he suffered from a totally disabling respiratory impairment,[1] but after reviewing the ALJ's findings, we concluded that the ALJ had relied on a death certificate which indicated that Rose had died four months after the accident, when in fact he died five minutes after the accident. Although the "ALJ could have come to the same conclusion" even had the ALJ not relied on the flawed information, we felt it inappropriate to provide a rationale for what the ALJ had done, and we remanded for reconsideration taking into account the correct time of death.
 
 
 7
 Second, the court found that the ALJ did not provide the necessary analysis and discussion as required by the Administrative Procedure Act, 5 U.S.C. Sec. 557(c)(3)(A),[2] and directed on remand that the ALJ explain his conclusion.
 
 
 8
 On remand, the ALJ again concluded that the lay evidence was insufficient to invoke the presumption that Mr. Rose was totally disabled due to pneumoconiosis. Upon reconsideration, the ALJ found that Mr. Rose, at the time of his death, had trouble breathing when he exerted himself. Relying on Pendleton v. Director, OWCP, 882 F.2d 101 (4th Cir.1989), the ALJ noted that he could consider decedent's work history in deciding whether he was totally disabled at the time of his death. Summarizing the lay evidence, the ALJ found that it did not establish that Rose was unable to perform his usual employment or was totally disabled. Mrs. Rose's testimony that "they always let him work over hours because my husband was a good worker" was evidence that Mr. Rose was able to work his normal shift plus overtime. The ALJ concluded that subsection (a)(5) invocation was not established because the evidence failed to prove that the miner suffered a totally disabling respiratory impairment.
 
 
 9
 The Board affirmed, finding that the ALJ's decision not to invoke the presumption of total disability was both rational and supported by substantial evidence. The Board further rejected Mrs. Rose's argument that the Eighth Circuit's holding in Greene v. Director, OWCP, 889 F.2d 794 (8th Cir.1989) applied.
 
 II.
 
 10
 This court reviews an ALJ's decision denying benefits under 20 C.F.R. Sec. 727.203(a)(5) to determine if substantial evidence supports such denial. Pendleton v. Director, OWCP, 882 F.2d 101, 102 (4th Cir.1989).
 
 
 11
 Rose has the difficult task of attempting to prove that her husband was totally disabled due to respiratory impairment at the time of his death in May 1967. Under 20 C.F.R. Sec. 727.203(a)(5) (1993), a deceased miner is presumed totally disabled due to pneumoconiosis if affidavits of persons, with knowledge of the miner's physical condition, demonstrate the presence of a totally disabling respiratory impairment. This court has held that the lay evidence must establish that a miner had a totally disabling respiratory impairment to collect benefits. Pendleton, 882 F.2d at 103. We have also held that an impairment is totally disabling when it is severe enough to prevent a miner from performing his usual coal mine employment. Nance v. Benefits Review Board, 861 F.2d 68, 71 (4th Cir.1988) (citing 20 C.F.R. Sec. 718.204(b)(1)). However, "[a] deceased miner's employment in a mine at the time of death shall not be used as conclusive evidence that the miner was not totally disabled." 20 C.F.R. Sec. 727.205(a) (1993).
 
 
 12
 Pendleton, 882 F.2d 101, affirmed an ALJ's order denying benefits, and found that substantial evidence supported the finding that the miner was not totally disabled at the time of his death. Testimony demonstrated that the miner had trouble breathing, coughed up blood, suffered chest pains and had lost considerable weight, but evidence also indicated that the miner continued to work regularly and overtime until his death. On such record, we concluded substantial evidence supported the ALJ's determination that the presumption of total disability had not been invoked. The court also found that it was not error for the ALJ to have considered the miner's continued work in the mines until his death.
 
 
 13
 Rose contends that the ALJ erred in not considering the extraordinary effort exerted by Mr. Rose to continue work despite allegedly being totally disabled. Rose cites Greene v. Director, OWCP, 889 F.2d 794 (8th Cir.1989), where the miner had never been medically examined for black lung disease, and the widow sought to prove total disability through lay testimony under Sec. 727.203(a)(5). The ALJ found that substantial evidence indicated that the miner was totally disabled despite the fact that he worked full time up until the Friday before the Sunday he died. The Board reversed, holding that the ALJ's award was not supported by substantial evidence. The Board found that if the miner continued working in his regular and physically strenuous job without need of assistance, he could not have been totally disabled. The Eighth Circuit reversed the Board, finding
 
 
 14
 [c]ontrary to the holdings of the Fourth and Seventh Circuits, we do not require direct evidence of impaired work functioning, such as testimony of poor job performance, or absenteeism, for a finding of total disability.
 
 
 15
 Although the record in this case suggested that the miner continued to perform a physically strenuous job up until his death, such evidence is not conclusive. The ALJ found that only the miner's herculean efforts allowed him to continue on the job, and that he was totally disabled by any reasonable interpretation of the phrase. Substantial evidence clearly underlay this finding, and the [Board] erred by placing conclusive weight on the miner's continued coal mine work.
 
 
 16
 Id. at 797 (footnotes omitted).
 
 
 17
 Under Greene, an ALJ may consider evidence of a miner's nonwork limitations on the issue of whether the miner exerted extraordinary efforts to continue his employment. Under Fourth Circuit law, an ALJ may also consider non-work related limitations in deciding the issues of respiratory impairment and total disability. See Pendleton, 882 F.2d at 104 (citing Dempsey v. Director, OWCP, 811 F.2d 1154, 1161 (7th Cir.1987)). However, it is not the law of either circuit that an extraordinary work ethic alone warrants a finding of total disability. While Greene and Pendleton reached different conclusions, both cases direct the fact finder to weigh the lay testimony and reach a conclusion based on the substantial evidence in the record.
 
 
 18
 In the case at bar, the ALJ considered the affidavits and testimony as to the miner's ailments, his work and his limitations. According to this evidence, Mr. Rose was unable to participate in activities such as housecleaning, hunting and fishing, was in poor health, and had trouble breathing, and the ALJ determined that Rose had some respiratory impairment. However, the ALJ also concluded that Rose was not totally disabled because he was working his normal shifts plus some overtime without rest or lunch breaks at the time of his death. Rose also performed his job without assistance from other workers. There is no medical evidence to support the claim that the decedent was totally disabled due to pneumoconiosis at the time of his death.
 
 
 19
 We find that there is substantial evidence to support the ALJ's finding that Mr. Rose was not totally disabled at the time of his death.
 
 III.
 
 20
 For the foregoing reasons, the ALJ's denial of benefits in this action is
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Sec. 727.203 provides in relevant part:
 (a)Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 * * *
 (5)In the case of a deceased miner where no medical evidence is available, the affidavit of the survivor of such miner or other persons with knowledge of the miner's physical condition, demonstrates the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 [2]
 This Code provision requires that all agency decisions include "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record...."