**Fred M. NEWELL, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and Freeman United Coal Mining Company, Respondents.**

No. 90–2181.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 19, 1990.

Decided May 22, 1991.

Harold B. Culley, Jr., Raleigh, Ill., for petitioner.

Jay D. Stein, Gould & Ratner, Chicago, Ill., for respondent Freeman United Coal Min. Co.

Barbara J. Johnson, Dept. of Labor, Appellate Litigation, Donald S. Shire, Sol. Gen., Steven D. Breeskin, Elizabeth Hopkins, Dept. of Labor, Office of the Sol., Washington, D.C., Louis R. Hegeman, Kathryn S. Mueller, Gould & Ratner, John H.

Secaras, Sol. Gen., Dept. of Labor, Chicago, Ill., Marta Kusic, Dept. of Labor, Black Lung Div., Washington, D.C., for respondent Office of Workers' Compensation Programs.

Carla Chapman, Ann McLaughlin, Benefits Review Bd., Dept. of Labor, Washington, D.C., for respondent Benefits Review Bd.

Before POSNER, COFFEY and RIPPLE, Circuit Judges.

COFFEY, Circuit Judge.

Petitioner Fred Newell was denied benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945 (1982), after the ALJ held a hearing on his claim. The ALJ's denial was affirmed on direct appeal to the Benefits Review Board and again on rehearing. Newell now appeals to this court, contending that the ALJ applied an inappropriate standard of causation to his claim.

### I.

Newell first applied for black lung benefits on June 30, 1980.[1] After an initial hearing and remand not relevant here, a hearing was held on July 9, 1987. At that time, Newell was 69 years old and suffered from a number of physical ailments, including asthma, bronchitis, obesity, and intermittent congestive heart failure.

■ To qualify for black lung benefits, a miner must show that he or she is "totally disabled due to pneumoconiosis." 20 C.F.R. § 718.204(a). This question is analyzed in the following steps: (1) Does the miner suffer from pneumoconiosis? (2) Did the pneumoconiosis arise out of coal mine employment? (3) Is the miner totally disabled? and finally, (4) Is the miner's total disability "due to" pneumoconiosis? *See Hawkins v. Director, OWCP,* 907 F.2d 697, 699 (7th Cir.1990). In this case, the ALJ held that Newell met the first three steps of the benefits analysis,[2] but not the fourth.

The issue on appeal, therefore, is whether Newell proved that his total disability was *due to* pneumoconiosis. To the extent that the answer relies on findings of fact, we defer to the ALJ and affirm his decision if it was based on substantial evidence. *See, e.g., Strike v. Director, OWCP,* 817 F.2d 395, 406 (7th Cir.1987). Issues of law, however, are reviewed *de novo. Hawkins,* 907 F.2d at 700.

In holding that Newell failed to establish causation, the ALJ concluded that the only medical evidence linking Newell's pneumoconiosis with his total disability was equivocal and insufficient to carry Newell's burden of proof. Newell's treating physician, Dr. Thompson, wrote Newell's counsel a letter in which he summarized his treatment of Newell over the years. In the letter, Dr. Thompson concluded:

> In summary, this patient is certainly disabled with chronic lung disease, some part asthma, some part restrictive lung disease, *which could be from the pneumoconiosis* from being exposed to the rock dust and coal in the coal mine, and some COPD which is chronic obstructive lung disease from previous history of smoking many, many years ago. However, after 10 years of not smoking and this patient has not smoked for 25 years, it is highly unlikely that the cigarette smoking that he previously had done is

---

**1.** Since the case was filed after March 31, 1980, the ALJ correctly applied the regulations published at 20 C.F.R. § 718.1–.402. *See* 20 C.F.R. § 718.2.

**2.** Regarding the first step, the ALJ held that Newell met his burden of proof on the existence of pneumoconiosis under § 718.202(a)(4). This section provides, *inter alia,* that pneumoconiosis may be shown by the objective medical evidence of a physician, despite the existence of negative chest x-rays. The ALJ concluded that the medical evidence conflicted, but that, resolv-

ing all doubts in Newell's favor, he met the burden of proof. On the second question, whether pneumoconiosis arose out of coal mine employment, the ALJ held that Newell qualified for 14 years, 4 months of coal mine employment, and thus was entitled to a presumption of employment causation under § 718.203. Finally, on step three the ALJ held that although there was conflicting evidence on the question of the existence of total disability, the weight of the evidence was in favor of a finding that Newell was totally disabled.

contributing to this problem at the present time.

(emphasis added). The ALJ concluded that this evidence was insufficient to prove that Newell's pneumoconiosis was "by itself, totally disabling."

It should be noted that in addition to this "equivocal" evidence linking Newell's total disability with pneumoconiosis, the record included a medical report from Dr. Campbell who concluded that Newell's breathing disorder was caused by cigarette smoking,[3] not pneumoconiosis. Dr. Campbell's diagnosis was based on his finding that Newell's pulmonary disability was of an obstructive, rather than restrictive, nature; cigarette smoking is closely associated with obstructive impairments, while pneumoconiosis leads to restrictive impairments.

On appeal to the Benefits Review Board, Newell argued that the ALJ erred in applying the "by itself, totally disabling" standard to his benefits claim.[4] Newell suggested that the appropriate standard was contributing cause, but the Board, citing *Wilburn v. Director, OWCP,* 11 Black Lung Rep. 1–135 (1988), rejected this argument and affirmed the ALJ's decision. Newell filed a petition for rehearing, arguing that several federal appellate courts had rejected *Wilburn's* "in and of itself totally disabling" standard. The Board concluded, however, that the Seventh Circuit had not yet spoken on the issue, and that the Board would therefore not disturb the standard of causation the ALJ had earlier applied.

## II.

■ Newell correctly notes that in the interim between the Board's reconsideration of his claim and the filing of appellate briefs here, this court has followed the other circuits in rejecting *Wilburn. See Shelton v. Director, OWCP,* 899 F.2d 690 (7th Cir.1990); *Hawkins,* 907 F.2d 697. He argues that the case must be remanded to the ALJ because Dr. Thompson's medical report meets the "necessary cause" standard announced in *Shelton* and therefore the ALJ will award benefits. The Director, however, contends that remand is unnecessary because even under the *Shelton* standard, Newell could not prevail.

Although the ALJ applied a causation standard that we have recently rejected, this error may be harmless if it is clear that Newell could not prove that his total disability was attributable to pneumoconiosis. While the regulations do not specifically provide us with grounds to hold an ALJ's error harmless, we have not been reluctant to rely on harmless error when a remand would be futile (and costly). *See, e.g., Collins v. Old Ben Coal Co.,* 861 F.2d 481, 489 (7th Cir.1988) (failure to provide specific analysis was harmless error given lack of medical evidence to support claim); *Knudtson v. Benefits Review Bd.,* 782 F.2d 97, 101 (7th Cir.1986) (assuming ALJ erred, error was harmless in light of respondent's rebuttal evidence). All of the members of this panel agree that the harmless error standard may be employed in this case, but we differ on the results of its application.

In my view, the evidence in this case is equivocal at best. Dr. Thompson, Newell's treating physician, concluded in his letter that Newell's total disability *could be due to* pneumoconiosis. This case therefore differs significantly from both *Shelton* and *Hawkins* in which there existed affirmative, unequivocal evidence supporting a

---

**3.** Newell testified at the hearing that he began smoking at about age 22, smoked approximately one pack per day for some 25 years, and then quit at about age 47. He stated that he had not smoked for 25 years.

**4.** Newell also argued that the ALJ had erred in not finding a presumption of causation under § 718.204(c)(3). Under this section, miners who show the existence of "cor pulmonale" with "right sided congestive heart failure" were presumed to be totally disabled due to pneumoconiosis. The ALJ had declined to apply this presumption because, although Newell's records revealed the possibility of cor pulmonale, the records were devoid of any reference to right-sided congestive heart failure. On appeal to the Board, Newell argued that the ALJ erred in requiring that cor pulmonale and congestive heart failure be concurrent conditions. The Board held that the clear reading of the regulations required concurrent existence. Newell does not raise this issue on appeal to this court, and we therefore need not address it.

finding of causation. The record in *Shelton* included a report from a doctor who concluded that the miner's totally disabling respiratory disease was "related to" coal dust exposure. *Shelton*, 899 F.2d at 691. In *Hawkins*, the record contained a medical report from a physician who concluded that the miner's pulmonary disease was "attributable to" coal mine work. *Hawkins*, 907 F.2d at 706–07.

In addition to its equivocal nature, Dr. Thompson's comment was the sole evidence in the record addressing causation. Thus the only evidence linking Newell's total disability to pneumoconiosis was Dr. Thompson's statement that Newell's "restrictive lung disease ... *could be* from the pneumoconiosis." As the ALJ noted, Dr. Campbell, who examined Newell at the employer's request, concluded that cigarette smoking was the cause of Newell's breathing disorder, while Dr. Fozard, who examined Newell at the Department of Labor's request, found that Newell's condition was caused by cigarette smoking and obesity, not pneumoconiosis. Despite these weaknesses in Newell's evidence, a majority of the panel concludes that a remand to the ALJ would be the more prudent course. In my opinion, the paltry evidence in this case clearly demonstrates the futility of a remand and I would hold that the inappropriate application of the *Wilburn* "in and of itself" standard was harmless error. My colleagues, however, are not convinced, and we therefore remand the case to allow the ALJ to apply the appropriate causation standard to this case.

For the foregoing reasons, the decision of the Benefits Review Board affirming the ALJ's denial of benefits is REVERSED, and the case is REMANDED to the ALJ for further proceedings consistent with this opinion.

RIPPLE, Circuit Judge.

I concur in the result.