**CONSOLIDATION COAL COMPANY,**
Petitioner,

v.

**OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, and Leroy H. Sisson, Claimant, Respondents.**

No. 94–2525.

United States Court of Appeals,
Seventh Circuit.

Argued April 27, 1995.

Decided May 15, 1995.

Kathryn S. Matkov (argued), Gould & Ratner, Chicago, IL, for petitioner.

Lawrence W. Rogers, Steven D. Breeskin, Christian P. Barber, Alan G. Paez, Barry H. Joyner, Dept. of Labor, Office of the Sol., Washington, DC, and Sandra M. Fogel (argued), S.I.U. Legal Clinic, Carbondale, IL, for respondents.

Paul E. Trayers, Benefits Review Bd., Executive Counsel, Clerk of the Bd. and Donald S. Shire, Dept. of Labor, Office of the Sol., Washington, DC, for party-in-interest.

Before POSNER, Chief Judge, CUMMINGS and BAUER, Circuit Judges.

CUMMINGS, Circuit Judge.

Consolidation Coal Company (Consolidation or Employer) petitions this court for review of a final decision of the Benefits Review Board (Board) granting benefits to Leroy Sisson under the Black Lung Benefits Act (the Act), 30 U.S.C. §§ 901 *et seq.* We grant the petition for review and remand.

## I. FACTS

Leroy Sisson worked as a coal miner for over 27 years, until 1984. From April of 1987 until October of 1989, when he was laid off, Sisson worked full-time for Public Service Indiana measuring ash levels at a power plant. Sisson filed for benefits under the Act in November of 1989. The Director denied

benefits and the claim was heard before an Administrative Law Judge (ALJ). The ALJ granted benefits. The ALJ found that Sisson suffered from pneumoconiosis, that his condition arose out of his coal mine employment, and that he was totally disabled by the condition. The ALJ found that the evidence was evenly balanced and credited the medical opinion of Sisson's treating physician in making his conclusions. The Board affirmed, applying the true doubt rule to conclude that the ALJ did not err in granting benefits.

## II. MEDICAL EVIDENCE

The ALJ considered the results of Sisson's x-rays, blood gas studies, pulmonary function tests and three medical opinions. Reports were submitted by Dr. Combs, an internist and Sisson's treating physician, Dr. Wilhemus, the Department of Labor appointed physician, and Dr. Selby, a pulmonologist.

Eighteen x-ray interpretations of three x-rays were submitted to the ALJ. Five B-readers interpreted the first x-ray as negative for pneumoconiosis. Similarly, the second x-ray was interpreted as negative by five B-readers. However, one B-reader interpreted the x-ray as positive. The final x-ray was interpreted as negative by five B-readers, with two B-readers finding the presence of pneumoconiosis.[1] The pulmonary function tests performed by Dr. Wilhemus, Dr. Combs and Dr. Selby produced non-qualifying results. The blood gas studies similarly produced non-qualifying results.

Dr. Combs, an internist specializing in rheumatology and the medical director of the Coal Worker's Respiratory Clinic in Vincennes, Illinois since 1981, examined Sisson and concluded that he suffered from pneumoconiosis and was totally disabled by his condition. Dr. Wilhemus concluded that Sisson did not suffer from pneumoconiosis and suggested that Sisson should lose weight. Dr. Selby, a pulmonologist, concluded that Sisson did not have a pulmonary impairment and found no disability due to Sisson's coal mine employment.

## III. STANDARD OF REVIEW

■ This case is before us on appeal from a decision of the Board, but we review the decision of the ALJ, not of the Board. *Old Ben Coal Co. v. Battram*, 7 F.3d 1273, 1275 (7th Cir.1993); *Dotson v. Peabody Coal Co.*, 846 F.2d 1134, 1137 (7th Cir.1988). We must determine whether the ALJ's decision is rational, supported by substantial evidence and consistent with the governing law. *Battram*, 7 F.3d at 1275; *Old Ben Coal Co. v. Luker*, 826 F.2d 688, 691 (7th Cir.1987); *see Freeman United Coal Mining Co. v. Benefits Review Board*, 919 F.2d 451, 452 (7th Cir. 1990) (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). While we may not reweigh the evidence or substitute our own judgment for that of the ALJ, *Battram*, 7 F.3d at 1275, we must carefully review the record and the ALJ's findings. The "ALJ must consider all relevant medical evidence, cannot substitute his expertise for that of a qualified physician, and absent countervailing clinical evidence or a valid legal basis for doing so, cannot simply disregard the medical conclusions of a qualified physician." *Wetherill v. Director, Office of Workers' Compensation Programs*, 812 F.2d 376, 382 (7th Cir.1987).

## IV. DISCUSSION

Sisson applied for benefits in 1989, and therefore his claim is governed by the permanent Subpart C regulations found at 20 C.F.R. § 718.201 *et seq. Mullins Coal Co. v. Director, OWCP*, 484 U.S. 135, 139, 108 S.Ct. 427, 429–30, 98 L.Ed.2d 450 (1987). The issue in this case is whether the ALJ's decision that Sisson suffered from pneumoconiosis is rational and supported by substantial evidence.

■ In order to qualify for black lung benefits, a miner must show that he is "totally disabled due to pneumoconiosis." 20 C.F.R. § 718.204(a). To prove this, the ALJ must consider these questions: (1) Does the miner suffer from pneumoconiosis? (2) Did the pneumoconiosis arise out of coal mine employment? (3) Is the miner totally dis-

---

1. One of the B-readers interpreting this x-ray also read the second x-ray as positive.

abled? and (4) Is the miner's total disability "due to" pneumoconiosis? *See Newell v. Director, OWCP*, 933 F.2d 510, 511 (7th Cir. 1991); *Hawkins v. Director, OWCP*, 907 F.2d 697, 699 (7th Cir.1990). Here the ALJ employed § 718.202(a)(4) and the true doubt rule (explained *infra* ) and relied on Sisson's treating physician's opinion to conclude that Sisson suffered from pneumoconiosis. The ALJ determined that Sisson established pneumoconiosis under § 718.202(a)(4), which provides:

> A determination of the existence of pneumoconiosis may also be made if a physician, exercising sound medical judgment, notwithstanding a negative x-ray, finds that the miner suffers or suffered from pneumoconiosis as defined in Section 718.201. Any such finding shall be based on objective medical evidence such as blood gas studies, electrocardiograms, pulmonary functions studies, physical performance tests, physical examination, and medical and work histories. Such a finding shall be supported by a reasoned medical opinion.

20 C.F.R. § 718.202(a)(4).[2] The ALJ concluded that Dr. Combs' opinion, as Sisson's treating physician, which concluded that Sisson suffered from pneumoconiosis arising out of his coal mine work, was entitled to greater weight than the opinions of the other physicians.[3] The Board affirmed, stating that "the administrative law judge permissibly found the opinion of Dr. Combs to [be] better reasoned ...," and properly applied the true doubt rule. We conclude that the ALJ erred in the application of the true doubt rule and erred in his reliance on Dr. Combs' opinion. Therefore we reach only the question of whether Sisson suffered from pneumoconiosis.

We first must address the applicability of the Supreme Court's recent decision concerning the true doubt rule. Under the true doubt rule, when a claimant and the party opposing the award submit evidence that is equally probative but conflicting, the claimant wins. *See Freeman United Coal Mining*

*Co. v. Office of Workers' Compensation Programs*, 988 F.2d 706 (7th Cir.1993) and *Zeigler Coal Co. v. Office of Workers' Compensation Programs*, 23 F.3d 1235 (7th Cir.1994), overruled by *Director, OWCP v. Greenwich Collieries*, ⎯⎯ U.S. ⎯⎯, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994). In *Greenwich Collieries* the Supreme Court rejected the true doubt rule, holding that it conflicts with § 7(c) of the Administrative Procedure Act (APA). ⎯⎯ U.S. at ⎯⎯, 114 S.Ct. at 2259 (the true doubt rule "runs afoul" of the APA).

 Sisson argues that because the Board affirmed the award of benefits in April of 1994 and *Greenwich Collieries* was decided in June of 1994, *Greenwich Collieries* does not apply here. Sisson similarly argues that the employer is precluded from relying on the Supreme Court's reasoning because it never made these arguments at any stage of this litigation. While the ALJ and the Board did not have the benefit of *Greenwich Collieries*, this court does. We must, with exceptions not applicable here, decide cases in light of intervening Supreme Court decisions. *See Texas American Oil Corp. v. United States Dep't of Energy*, 44 F.3d 1557 (Fed. Cir.1995) (intervening Supreme Court decision changed outcome); *Knight v. Alabama*, 14 F.3d 1534, 1540 (11th Cir.1994) (appellate court's action is based on legal standards announced by the Supreme Court "months after the district court opinion was issued, ... [and] in no way reflects negatively on the district court's handling of the case."); *Devines v. Maier*, 728 F.2d 876, 880 (7th Cir.) (intervening Supreme Court decision led to reversal), *cert. denied*, 469 U.S. 836, 105 S.Ct. 130, 83 L.Ed.2d 71 (1984). The employer's omission of an argument based on the Supreme Court's reasoning does not amount to a waiver. The employer consistently challenged Sisson's claim and the strength of the medical evidence.

 The ALJ implicitly, and the Board explicitly, applied the true doubt rule to the

---

2. Fifteen of 18 x-ray interpretations were negative, and Sisson admits that the x-rays failed to show pneumoconiosis. The blood gas studies did not produce qualifying results.

3. Dr. Combs had examined Sisson three times when he drafted his report dated April 8, 1991.

evidence presented. Both the ALJ and the Board concluded that the evidence was evenly balanced, and resolved the "tie" in favor of Sisson. Given that the true doubt rule is no longer viable, the evidence in this case must be re-evaluated. Thus we remand this case to the ALJ in light of *Greenwich Collieries*.

■■■ Moreover, we question whether the ALJ and the Board erred in concluding that the evidence was evenly balanced in this case. The employer argues that the ALJ improperly applied the law in giving greater weight to Dr. Combs and therefore concluding that the evidence was evenly balanced. We tend to agree. The ALJ credited Dr. Combs' opinion because he was Sisson's treating physician, which is not proper. *Amax Coal Co. v. Franklin*, 957 F.2d 355, 359 (7th Cir.1992) (treating physician not necessarily entitled to greater weight than specialist); *Peabody Coal Co. v. Helms*, 901 F.2d 571, 573 (7th Cir.1990) (mechanical determination that treating physician is entitled to more weight than consulting physician is arbitrary). Because medical evidence should not be evaluated by a mere head-count of experts, *see Sahara Coal Co. v. Fitts*, 39 F.3d 781, 782 (7th Cir.1994); *Old Ben Coal Co.*, 7 F.3d at 1277, on remand the ALJ should explain or abandon his conclusion that Dr. Combs' opinion is better reasoned than the opinions of Drs. Wilhemus and Selby.

## V. CONCLUSION

The ALJ and the Board relied on the true doubt rule which the Supreme Court has rejected. Further, the ALJ erroneously gave greater weight to Dr. Combs simply because he was Sisson's treating physician. *Amax Coal Co.*, 957 F.2d at 359. We GRANT the petition for review and REMAND.