87 F.3d 1316
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FREEMAN UNITED COAL MINING COMPANY, Petitioner,
v.
Fred NEWELL and Director, Office of Workers' Compensation
Programs, Respondents.
 No. 94-1865.
 United States Court of Appeals, Seventh Circuit.
 Argued April 24, 1996.
Decided May 28, 1996.
 
 Before POSNER, Chief Judge, and COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In June, 1980, Respondent Fred Newell, a coal miner employed by Petitioner Freeman United Coal Mining Company ("Freeman Coal"), filed for benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. §§ 901 et. seq., claiming to be disabled due to pneumoconiosis, the disease commonly known as "Black Lung disease." Following a formal hearing in July, 1987, the Administrative Law Judge (ALJ) denied Newell's claim finding that (a) Newell had established that he suffered from pneumoconiosis, (b) his pneumoconiosis stemmed from his coal mining work, (c) he was totally disabled, but (d) his disability was not caused by his pneumoconiosis. Newell appealed, and this same panel reversed and remanded because the ALJ did not apply the "necessary cause" standard to determine causation. Newell v. Director, Office of Workers' Compensation Programs, 933 F.2d 510 (7th Cir.1991). On remand, the ALJ awarded Newell benefits finding that the evidence demonstrated that his pneumoconiosis was a necessary cause of his disability. The Benefits Review Board affirmed that finding and Freeman Coal now appeals challenging: (a) whether the evidence was sufficient to find that Newell's pneumoconiosis caused his disability, (b) whether the ALJ violated the law of the case, and (c) whether the ALJ erred by using the "true doubt" standard to determine whether Newell suffered pneumoconiosis. Although the case is on appeal from a final decision of the Review Board, we review the ALJ's benefits decision to determine whether it was rational, supported by substantial evidence, and consistent with the governing law. Old Ben Coal Co. v. Director, OWCP, 62 F.3d 1003, 1006 (7th Cir.1995).
 
 
 2
 The dispositive issue in this case is whether the ALJ erred by using the "true doubt" standard to determine whether Newell suffered from pneumoconiosis. If so, then the subsequent decision of causation, which hinged on the credibility determination in the ALJ's earlier finding that Newell suffered from pneumoconiosis, also is contaminated. The true doubt standard allows a claimant to win when the evidence whether he suffers from pneumoconiosis is balanced. In other words, it shifts the burden of persuasion from the claimant to the employer. However, the Supreme Court found this rule to conflict with § 7(c) of the Administrative Procedures Act, and thus held it invalid. Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251, 2255-59 (1994). Because the ALJ used the true doubt standard, we must vacate the judgment and remand for the ALJ to re-evaluate the evidence.
 
 
 3
 In finding that Newell suffered from pneumoconiosis, the ALJ weighed the evidence from x-rays taken of Newell, results of ventilatory and blood gas studies, and expert testimony from three doctors. None of the x-rays or studies showed that Newell had pneumoconiosis. Dr. Fozard examined Newell on July 29, 1980, and diagnosed obesity, intermittent mild congestive heart failure, and possible asthma. Dr. Fozard did not diagnose Newell as having pneumoconiosis and opined that Newell's ailments were unrelated to his exposure to coal dust. Dr. Campbell, an expert in respiratory and pulmonary care, examined Newell on October 27, 1981, and on March 17, 1987, and diagnosed chronic bronchitis, moderate obstructive impairment to ventilatory functions, status post-cholecystectomy, status post hepatitis, and renal calculi. Dr. Campbell found no radiographic evidence of pneumoconiosis, and therefore did not believe that pneumoconiosis was a cause of Newell's ailments.
 
 
 4
 Dr. Thompson, Newell's treating physician, had examined Newell numerous times over "many, many" years. Dr. Thompson diagnosed chronic obstructive pulmonary disease, chronic restrictive pulmonary disease, asthma, restrictive lung disease secondary to coal workers' pneumoconiosis, cor pulmonale, and hypoxemia. He also opined that Newell's history of smoking did not cause Newell's conditions. In a report dated July 1, 1987, Dr. Thompson concluded:
 
 
 5
 In summary, this patient is certainly disabled with chronic lung disease, some part asthma, some part restrictive lung disease, which could be from the pneumoconiosis from being exposed to the rock dust and coal in the coal mine, and some COPD which is chronic obstructive lung disease from previous
 
 
 6
 history of smoking many, many years ago. However, after 10 years of not smoking and this patient has not smoked for 25, it is highly unlikely that the cigarette smoking that he previously had done is contributing to this problem at this time. After a period of 10 years of not smoking, the patient usually catches up to other members of his age group with pulmonary function studies.
 
 
 7
 Claimant's exhibit 2.
 
 
 8
 In sum, the only affirmative evidence that Newell suffered from pneumoconiosis came from the medical opinion of Dr. Thompson. After reviewing the record, the ALJ found the evidence balance and employed the true doubt rule:
 
 
 9
 In weighing the medical opinion evidence of record, I find that Claimant has established the existence of pneumoconiosis by a preponderance of the evidence. Although Dr. Campbell performed the most recent examination, Dr. Thompson's latest examination was only five months earlier. Thus, Dr. Campbell's report is not entitled to any greater weight due to insignificant period of time between the examinations. In addition, I do not find that Dr. Campbell's superior qualifications outweigh Dr. Thompson's status as a treating physician. Dr. Thompson treated Claimant on a bi-monthly basis for a period of six to seven years, which is an important factor in determining the value of his opinion.... On the contrary, Dr. Campbell examined the Claimant only on two occasions. I find the doctors' reports are thorough, well reasoned and equally probative. Accordingly, I resolve any doubt in the Claimant's favor and find he has established the existence of pneumoconiosis under [920 C.F.R.] § 718.202(a)(4).
 
 
 10
 id. at 183-84 (emphasis added, citations omitted). Newell argues that the introductory sentence of this paragraph suggests that the ALJ did not employ the true doubt rule. This argument is unconvincing in light of the unequivocal statement in the conclusion that the ALJ found the evidence equally probative and found for Newell by resolving any doubt in his favor. Newell also argues that Freeman Coal waived this claim by not raising it earlier, suggesting that the theory, if not the Supreme Court opinion, was available to Freeman Coal at the time that Freeman Coal appealed to the Review Board. However, we have already rejected that argument in previous opinions. Old Ben Coal Co., 62 F.3d at 1007; see also Consolidated Coal Co. v. OWCP, 54 F.3d 434 (7th Cir.1995); Freeman United Coal Mining Co. v. OWCP, 957 F.2d 302, 304 (7th Cir.1992).
 
 
 11
 We note with concern that the ALJ credited Dr. Thompson's report with additional weight because Dr. Thompson was Newell's treating physician. Freeman Coal argues that this was improper and we agree. There is no rational reason to attribute greater credibility to the opinion of a treating physician, who often is a generalist who knows less about pulmonary diseases, than to the opinion of a specialist in pulmonary diseases. Unless there is evidence that the claimant's treating physician has expertise in this area, the ALJ should grant the specialist's opinion equal or greater weight than the treating physician's. See Consolidated Coal, 54 F.3d at 438 (not proper to credit treating physician with additional weight); Amax Coal Co. v. Franklin, 957 F.2d 355, 358 (7th Cir.1992) (crediting general treating physician over specialist borders on the irrational); Peabody Coal Co. v. Helms, 901 F.2d 571, 573 (7th Cir.1990) (no rational reason to credit treating physician over specialist). On remand, the ALJ should explain or abandon his conclusion that Dr. Thompson's opinion is better reasoned than the opinions of Drs. Fozard and Campbell.
 
 
 12
 VACATED AND REMANDED.