139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FREEMAN UNITED COAL MINING COMPANY, Petitioner,
v.
Harold BRADEN; Benefits Review Board, United States
Department of Labor; and Director, Office of
Worker's Compensation Programs, United
States Department of Labor, Respondents.
 No. 97-2229.
 United States Court of Appeals, Seventh Circuit.
 Submitted Mar. 3, 1998*.
Decided Mar. 4, 1998.
 
 Appeal from the Benefits Review Board, United States Department of Labor. BRB No. 96-1096 BLA.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Harold Braden, a former coal miner, sought and received benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. His former employer, Freeman United Coal Mining Company ("Freeman") petitions this court to review the decision and order of the Benefits Review Board ("BRB") affirming the administrative law judge's ("ALJ") award of black lung benefits. Freeman challenges the award by arguing that the ALJ erred in relying on the opinion of Braden's treating physician to find that Braden suffered from pneumoconiosis; that he was totally disabled as defined in the Act; and that his disability arose from coal mine employment. We affirm.
 
 I. Background Facts
 
 2
 The procedural history of this case is lengthy and complicated. Braden filed for black lung benefits in January of 1983, after being employed as a coal miner for a total of seventeen years, from 1943-1946 and 1969-1982, when Freeman closed the mine at which he was employed. To qualify for black lung benefits, a claimant must show that he is "totally disabled due to pneumoconiosis" (also known as black lung disease). Consolidation Coal Co. v. OWCP, 54 F.3d 434, 436 (7th Cir.1995) (citing 20 C.F.R. § 718.204(a)). Therefore, an ALJ conducted a hearing to consider conflicting medical testimony regarding whether Braden suffered from pneumoconiosis; whether the pneumoconiosis was caused by his coal mine employment, and whether the pneumoconiosis caused Braden to be totally disabled.
 
 
 3
 Braden had been examined by three doctors, and only his treating physician, Dr. Khan, diagnosed Braden with pneumoconiosis. Dr. Khan's diagnosis was based on Braden's coal mine employment history, pulmonary function tests, arterial blood gas tests, clinical symptoms, and x-ray interpretations. Dr. Khan had treated Braden for a heart condition and breathing problems when he was hospitalized in 1977, 1979, and 1981, and had examined him over twelve times at regular intervals from 1982 through April 7, 1986. Dr. Rao, however, who examined Braden once in February of 1983 at the Department of Labor's request, only diagnosed Braden with hypertension and arteriosclerotic heart disease, and found that these conditions were not caused by coal mine employment. Dr. Rao did not opine whether Braden was totally disabled. Similarly, Dr. Getty, who examined Braden once in January of 1984 at Freeman's request, diagnosed Braden with arteriosclerotic heart disease and chronic bronchitis. Dr. Getty found no evidence of pneumoconiosis and stated that, from a pulmonary standpoint, Braden retained the capacity to work in coal mining. The record also contains thirteen interpretations of six x-rays, but one reading was deemed unreadable, and the BRB determined that another reading did not comply with the ILO-U/C classifications contained in 20 C.F.R. § 718.102. Five of the interpretations were positive for pneumoconiosis and six were negative. The record also contains pulmonary function test results and arterial blood gas studies, none of which produced results that independently establish total disability.
 
 
 4
 The ALJ awarded Braden benefits, finding that the six positive interpretations of the x-rays furnished a basis for finding the existence of pneumoconiosis, and that Braden's ten years' employment at the coal mine created a rebuttable presumption that his pneumoconiosis arose out of his employment. The ALJ credited Dr. Khan's opinion of total disability over the opinions of the other doctors because Dr. Khan examined Braden much more frequently and more recently than Drs. Rao and Getty who each only examined him once. The ALJ also found that Dr. Khan's opinion was well-reasoned because it was based upon his many years of familiarity with Braden's condition, Braden's physical examinations, clinical symptoms, Braden's history, reduced pulmonary function tests, abnormal chest X-rays, and impaired blood gases.
 
 
 5
 Freeman appealed this decision, and the BRB affirmed the ALJ's findings that Dr. Khan's opinion was well-reasoned and supported by substantial evidence and that Freeman failed to rebut the presumption that Braden's pneumoconiosis, if established, arose out of coal mine employment. However, the BRB held that the ALJ erred in finding the existence of pneumoconiosis was established pursuant to 20 C.F.R. § 718.202(a)(1)(i), which applies only to claims filed before January 1, 1982. Because Braden's claim was filed in January of 1983, the BRB remanded the case for the ALJ to decide whether the weight of the x-ray evidence established the existence of pneumoconiosis under 20 C.F.R. § 718.202(a)(1).
 
 
 6
 On remand, the ALJ found that Braden established pneumoconiosis by the most recent x-ray taken in 1986, and that Dr. Khan's conclusion that Braden was totally disabled due to pneumoconiosis was entitled to greater weight than Dr. Getty's opinion. Freeman again appealed the ALJ's decision, and the BRB held that the ALJ erred in finding that the 1986 x-ray established pneumoconiosis because the x-ray did not comply with ILO-U/C classifications as required by 20 C.F.R. § 718.102. The BRB therefore again remanded the case for the ALJ to reconsider the x-ray evidence and directed the ALJ to determine whether Braden's pneumoconiosis was a contributing cause of his total disability.
 
 
 7
 On the second remand, a new ALJ, Judge Robert D. Kaplan, considered the case and found that the x-ray evidence established pneumoconiosis under the "true doubt" rule, which provides that when the evidence is evenly balanced, the claimant wins. However, Judge Kaplan then found that Braden failed to meet his burden of establishing that he was totally disabled due to a respiratory or pulmonary impairment, and he denied benefits. On reconsideration, however, Judge Kaplan determined that he had no authority to reject Dr. Khan's opinion regarding Braden's total disability in light of the BRB's prior determinations that Dr. Khan's opinion was well-reasoned. Judge Kaplan also found that Dr. Khan's opinion was entitled to more weight because it was based on more recent examinations, and because the opinions of Drs. Rao and Getty were based on the incorrect premise that Braden did not have a totally disabling respiratory impairment. Judge Kaplan therefore awarded Braden benefits, and Freeman again appealed. The BRB affirmed the finding that Dr. Khan's opinion was entitled to more weight. However, because Judge Kaplan employed the "true doubt" rule, which the Supreme Court subsequently overturned in Director, OWCP v. Greenwich Collieries, 512 U.S. 267, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994), the BRB yet again remanded the case for the ALJ to consider whether the evidence was sufficient to establish pneumoconiosis.
 
 
 8
 The sole issue before Judge Kaplan on the third remand was whether the presence of pneumoconiosis had been established. Although Judge Kaplan found that the x-ray evidence was not sufficient to establish pneumoconiosis, he determined that Dr. Khan's well-reasoned medical opinion established pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(4). Freeman again appealed and the BRB affirmed. The BRB held that Judge Kaplan considered all the relevant medical opinion evidence and did not abuse his discretion in determining that Dr. Khan's opinion was entitled to greater weight than the opinions of Drs. Rao and Getty.
 
 II. Analysis
 
 9
 Although this case is an appeal from the BRB's decision, we review the ALJ's decision to determine whether "it is rational, supported by substantial evidence and consistent with the governing law." Peabody Coal Co. v. OWCP, 116 F.3d 207, 211 (7th Cir.1997) (citations omitted). We will affirm the ALJ's findings "if they are supported by 'such relevant evidence as a rational mind might accept to support an adequate decision." ' Ziegler Coal Co. v. Kelley, 112 F.3d 839, 841 (7th Cir.1997) (citations omitted). While we review the record and the ALJ's findings to determine whether the ALJ's decision is supported by substantial evidence, we may not reweigh the evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Peabody, 116 F.3d at 211; Ziegler, 112 F.3d at 841.
 
 
 10
 Freeman argues on appeal that the ALJ improperly relied on Dr. Khan's opinion because Drs. Rao and Getty have greater expertise with respect to pulmonary disease and their opinions were better supported by the underlying test data. According to Freeman, Dr. Rao "obviously has special knowledge of pulmonary diseases" because he is a specialist consulted by the Department of Labor in Black Lung cases. This conclusory assertion, however, is not sufficient to establish that Dr. Rao is a pulmonary specialist, and there is nothing in the record regarding Dr. Rao's credentials. Freeman also claims that Dr. Getty is a board certified internist with a sub-specialty in pulmonary diseases, but this assertion also is not supported by the record and, in fact, is contrary to the holdings made by the BRB, which twice rejected similar claims Freeman made regarding Dr. Getty. The BRB affirmed the ALJ's finding that Dr. Getty is a family practitioner and that Dr. Khan is an internist and cardiologist, and there is nothing in the record to indicate that the ALJ abused its discretion in making this finding.
 
 
 11
 Freeman's arguments that the ALJ gave Dr. Khan's opinion greater weight because he is Braden's treating physician, and that Dr. Khan's opinion was not well-reasoned, are without merit. Freeman mischaracterizes Dr. Khan's testimony by stating that the doctor based his diagnosis of pneumoconiosis solely on the 1986 x-ray, which the BRB held could not be the basis for such a conclusion. A review of Dr. Khan's testimony, however, reveals his repeated assertions that his finding of pneumoconiosis also was based on pulmonary function tests, arterial blood gas studies, physical examinations, occupational history, symptomatology, smoking history, and his familiarity with Braden's cardiopulmonary condition. "When a witness relies for his conclusion on facts A, B, and C, and fact A is knocked out, it does not follow that his conclusion must change. It may be that his conclusion would be unchanged as long as two out of the three facts, or even just one of the three facts, were true." Sahara Coal Co. v. Fitts, 39 F.3d 781, 783 (7th Cir.1994).
 
 
 12
 The ALJ did not abuse its discretion in finding that Dr. Khan's opinion was "well reasoned and is based upon his many years of familiarity with claimant's condition." Although a treating physician's opinion is not necessarily entitled to greater weight than a nontreating specialist, an ALJ may credit the treating physician's opinion if it is better reasoned than the other opinions. Consolidation Coal, 54 F.3d at 438. The ALJ explained that he was according greater weight to Dr. Khan's opinion because Dr. Khan examined Braden on numerous and more recent occasions than Drs. Rao and Getty, rendering Dr. Khan better able to assess Braden's condition, particularly since pneumoconiosis is a progressive disease. See Ziegler, 112 F.3d at 843; Old Ben Coal Co. v. Battram, 7 F.3d 1273, 1276 (7th Cir.1993). Contrary to Freeman's assertion, Dr. Khan's opinion need not be rejected because it was based on tests that were interpreted differently by Drs. Rao and Getty. Mitchell v. OWCP, 25 F.3d 500, 508 (7th Cir.1994). Because an ALJ can base his determination of disability on an adequately-supported physician's conclusion, in lieu of laboratory tests, and Dr. Khan's opinion was adequately supported, the ALJ's finding of total disability was rational and supported by the evidence. Poole v. Freeman United Coal Mining Co., 897 F.2d 888, 893 (7th Cir.1990) (citations omitted).
 
 
 13
 Freeman's final argument is that the opinions of Drs. Rao and Getty are entitled to greater weight than Dr. Khan's regarding whether Braden's total disability was due to pneumoconiosis. Because the ALJ found the evidence showed that Braden was totally disabled and that he suffered from pneumoconiosis, the ALJ was entitled to invoke the presumption of total disability due to pneumoconiosis. Peabody Coal Co. v. Spese, 117 F.3d 1001, 1010 (7th Cir.1997) (citing 20 C.F.R. § 718.204(b)). Freeman had the burden to rebut this presumption by establishing that Braden would have been disabled regardless of his exposure to coal dust, but it failed to establish an alternative cause of Braden's total disability. Blakley v. Amax Coal Co., 54 F.3d 1313, 1320 (7th Cir.1995). In addition to the aforementioned reasons for according greater weight to Dr. Khan's opinion, the ALJ found that the opinions of Drs. Rao and Getty were based on the incorrect premise that Braden did not have a totally disabling respiratory impairment. In contrast, Dr. Khan found that Braden was totally disabled, and the ALJ properly relied on Dr. Khan's opinion regarding the cause of that disability.
 
 
 14
 Accordingly, we AFFIRM the judgment awarding black lung benefits to Braden.
 
 
 
 *
 After an examination of the briefs and the record, and on Petitioner's motion to waive oral argument, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a), Cir. R. 34(f)