Carl SHELTON, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, et al., Respondents.**

No. 89–2232.

United States Court of Appeals, Seventh Circuit.

Argued March 2, 1990.

Decided April 13, 1990.

Harold B. Culley, Jr., Raleigh, Ill., for Carl Shelton.

Cathryn C. Helm, Appellate Litigation, Donald S. Shire, Sol. Gen., Michael J. Denney, Carla Chapman, Benefits Review Bd., Dept. of Labor, John H. Secaras, Sol. Gen., Dept. of Labor, Washington, D.C., for Inland Steel Co., Office of Workers' Compensation Programs and Benefits Review Bd.

Louis R. Hegeman, Jay D. Stein, Gould & Ratner, Chicago, Ill., for Consolidation Coal Co.

Before CUMMINGS, POSNER and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

Carl Shelton, a former coal miner, seeks disability benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.* He is conceded to be totally disabled as a result of respiratory disease, and to have black lung disease (pneumoconiosis). The question is the causal relationship between his black lung disease and his total disability, and is not adequately illuminated by the pertinent regulation: "benefits are provided under the Act for or on behalf of miners who are totally disabled *due to pneumoconiosis.*" 20 C.F.R. § 718.204(a) (emphasis added). In finding that Shelton had shown total disability due to pneumoconiosis, the administrative law judge relied primarily on a report by a Dr. Partridge, who had examined Shelton in 1980 (while he was still working), found that he had chronic obstructive lung disease "related to" Shelton's exposure to coal dust in mines—Shel-

ton had been working underground in coal mines for 27 years—but noted that Shelton continued to work daily with little difficulty and also that he had been smoking a pack of cigarettes a day for 40 years. The administrative law judge discounted testimony by a Dr. Getty, who, examining Shelton four years after Partridge, concluded that Shelton had simple miner's pneumoconiosis and chronic obstructive lung disease, the latter being due, in Getty's opinion, to Shelton's smoking. Getty also testified that he did not think that simple pneumoconiosis was totally disabling.

The Benefits Review Board reversed the administrative law judge's award of benefits. The Board invoked a doctrine that it had announced in *Wilburn v. Director,* 11 Black Lung Rep. 1–135 (Benefits Rev.Bd. 1988): the claimant must show that his pneumoconiosis is, "in and of itself, totally disabling." Dr. Partridge's report did not show that.

▪ A number of courts have rejected, implicitly or explicitly, the Board's "in and of itself" standard, and have held that all the claimant need show is that his pneumoconiosis was a "contributing cause" or "substantial contributing cause" of his total disability. *Lollar v. Alabama By-Products Corp.,* 893 F.2d 1258, 1265 (11th Cir.1990); *Adams v. Director,* 886 F.2d 818 (6th Cir.1989); *Bonessa v. United States Steel Corp.,* 884 F.2d 726, 732–34 (3d Cir. 1989); *Mangus v. Director,* 882 F.2d 1527, 1531 (10th Cir.1989) (per curiam). Our court has not spoken to the issue directly, but has endorsed the "contributing cause" formulation in cases interpreting a related black-lung regulation. *Wetherill v. Director,* 812 F.2d 376, 380 (7th Cir.1987); *Pancake v. AMAX Coal Co.,* 858 F.2d 1250, 1257 (7th Cir.1988). Shelton's main brief in this court did not cite *Wilburn* or even mention the "in and of itself" standard, let alone challenge that standard. Ordinarily this would spell waiver. *In re Bear,* 789 F.2d 577, 579 (7th Cir.1986); *United States v. Rodriguez,* 888 F.2d 519, 525 (7th Cir.1989). However, the Director of the Office of Workers' Compensation Programs, which enforces the Black Lung Benefits Act and is a statutory respondent in a proceeding to review decisions by the Benefits Review Board, has confessed error on the Board. His action, coupled with the company's indifference to the standard of causation—the company did not cite *Wilburn* either, or even mention the "in and of itself" standard, and at argument told us that it took no position on the correct causal standard—persuades us to relieve Shelton from the consequences of his lawyer's default. In effect, both respondents have waived the argument for affirmance that they could have based on Shelton's waiver. *United States v. Rodriguez, supra,* 888 F.2d at 524.

We were distressed to discover at argument that none of the lawyers in this case is able to explain the meaning of the competing causal standards that are bandied about in these cases. The standards (or their articulation) rather than the lawyers may be to blame; in any event, we are compelled to approach the issue from the standpoint of first principles rather than of precedent.

▪ The causal issue in a black lung case is whether the claimant shall win or lose under different assumptions concerning the state of his health if history had been different in particular respects. Two respects are potentially relevant here: working in a coal mine for a given length of time, and smoking cigarettes at a given level for a given length of time. Implicitly the administrative law judge had to determine whether Shelton would have been totally disabled if he had not worked in a coal mine all those years but had smoked, if he had not smoked all those cigarettes but had worked in a coal mine, and if he had neither worked in a coal mine nor smoked. The last counterfactual is the easiest. If Shelton had neither worked in a mine nor smoked, the probability is very small that he would be totally disabled as a result of lung disease, and this suggests that his total disability was caused either by working in a mine, or by smoking, or by doing both. Suppose that if he had worked in a coal mine but had not smoked he would not have become disabled as a result of lung

disease, and if he had smoked but had not worked in a coal mine he would have become disabled as a result of lung disease. Then it would be plain that working in a coal mine was not a cause—sole, contributing, or any other kind—of his disability, because the disability depended only on whether he smoked, and not on whether he worked in a coal mine. The administrative law judge rejected this hypothesis by crediting Dr. Partridge's conclusion that Shelton's lung disease, which later proved disabling, was related to his exposure to coal dust in mines.

The remaining possibilities are two. The first is that Shelton was doomed to become totally disabled by virtue of smoking so heavily for so long a time, but that if he had not smoked at all he still would have become totally disabled because of his exposure to coal dust. On these assumptions mining and smoking were each sufficient, but not necessary, conditions of the total disability, and it would be a question of policy whether to count the mining condition as a cause under the Black Lung Benefits Act. The second possibility is that if Shelton had not smoked, or had not mined, he would have gotten lung disease but it would not have been totally disabling. A variant is if smoking and exposure to coal dust are synergistic, that is, if their effects are multiplicative rather than additive. In either case, mining is a necessary although not sufficient condition of the total disability, and again it is a question of policy whether in such a case to call mining a cause of the disability for purposes of black-lung benefits.

■ The doctrine of *Wilburn* implies that, for benefits to be awarded, mining must be shown to be both a necessary and a sufficient condition of the miner's total disability. This at any rate is the most natural meaning to ascribe to the proposition that the miner's black lung disease must "in and of itself" cause the miner's disability. For the proposition seems to require (for benefits to be awarded) a showing that if the miner had not worked in a mine he would not have become disabled no matter what else he had done and

that if he had not smoked or done anything else (besides working in a mine) hazardous to the lungs he would nevertheless have become disabled. The mining would then be the sole cause, to which "in and of itself" seems to point.

The "contributing cause" formulation suggests, in contrast, that mining must be a necessary, but need not be a sufficient, condition of the miner's disability; if he had not mined, he would not have become totally disabled, although he might have avoided the disability by care on some other front, for example by not smoking. We think this is the standard that the "due to" regulation is artlessly attempting to prescribe, as it corresponds to the standard of causation used in most other areas of law. *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 684, 686 (7th Cir.1990); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1289 (7th Cir.1986). It may well have been what Partridge was getting at in checking the "related to" box on the medical form he filled out. A miner is not entitled to benefits if by reason of his heavy smoking or some other activity or condition of his that is not itself mining, he would have become totally disabled (and no later than he did) even if he had never gone near a coal mine. To award benefits in such a case would be to confer a pure windfall, since by assumption the miner was no worse off by virtue of working in a mine than he would have been had he been working in an oxygen factory. The Black Lung Benefits Act is generous, but not that generous. It is not a welfare program for cigarette smokers.

The administrative law judge may have employed the correct standard—that black lung disease be a necessary, though it need not be a sufficient, condition of the miner's total disability—but he did not articulate it, and the matter is so confused and the evidence so unsatisfactory (Partridge having examined Shelton *before* Shelton became disabled and having failed to elaborate on the meaning of "related to") that the only just course is a remand to the agency. *Zeigler Coal Co. v. Sieberg*, 839 F.2d 1280, 1284 (7th Cir.1988); *Tackett v. Benefits Review Bd.*, 806 F.2d 640, 642 (6th Cir.

1986) (per curiam); *Nance v. Benefits Review Bd.*, 861 F.2d 68, 71 (4th Cir.1988).

V<small>ACATED AND</small> R<small>EMANDED</small>.