921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marian J. WHATLEY, Plaintiff-Appellee,
v.
Paul MASCIOPINTO, Defendant-Appellant.
 No. 90-2406.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 13, 1990.
Decided Dec. 7, 1990.
 
 Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Marian Whatley filed suit in federal court against her former employer, Super Low Food Center, its owners, and her former supervisor for sexual harassment in violation of Title VII and for intentional infliction of emotional distress. Before the trial, the defendants offered Whatley a settlement of $5,000 pursuant to Federal Rule of Civil Procedure 68. Whatley refused the offer. Subsequently, a jury returned a verdict in favor of the defendants on the intentional infliction of emotional distress claim and the court entered judgment in favor of the defendants on the Title VII claim. The defendants then moved for costs, including attorney's fees, pursuant to Rule 68 and 42 U.S.C. Sec. 2000e-5(k). The district court denied the motion. Only defendant Masciopinto appeals, claiming that the district court erred in not allowing that recovery.
 
 I.
 A. Costs Pursuant to Rule 68
 
 2
 Federal Rule of Civil Procedure 68 states: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." The Supreme Court has analyzed the plain language of Rule 68 and concluded that the rule applies only to the case in which a plaintiff obtains a judgment that is less favorable than the defendant's settlement offer. Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). In Delta the defendants prevailed and moved for costs pursuant to Rule 68. The plaintiff refused a settlement offer that the Seventh Circuit found had not been made in good faith. The Supreme Court stated that because Rule 68 does not apply when the judgment is entered in favor of the defendant, it was not necessary "to read a reasonableness requirement into the rule." Id. at 355.
 
 
 3
 Rule 68 alters the presumption of Federal Rule of Civil Procedure 54(d), id. at 351, which provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs;..." The Delta Court reasoned that the purpose behind Rule 68 is to encourage settlements, and because a prevailing party presumably can recover costs under Rule 54(d), Rule 68 places an added burden on a plaintiff to whom a settlement offer has been made. Id. at 352. The Court emphasized that where a defendant prevails, the trial judge still retains his Rule 54(d) discretion. Id. at 354. Masciopinto did not move for costs under Rule 54(d), perhaps because 42 U.S.C. Sec. 2000e-5(k) precluded such recovery. Id. at 355-356 n. 15.
 
 
 4
 We are bound by Delta, and under that authority a defendant is not entitled to recover his costs. Therefore, the denial of costs to Masciopinto was correct.
 
 
 5
 B. Attorney's Fees Pursuant to 42 U.S.C. Sec. 2000e-5(k)
 
 
 6
 At the oral argument, we speculated that defendant may have waived his claim to attorney's fees under 42 U.S.C. Sec. 2000e-5(k) because of "a jurisdictionally defective Charge of Discrimination and Notice of Right to Sue." However, his brief did state this as an issue and it and related matters were discussed in some detail in the argument section of his brief (Br.i and 12). In addition, the subject was addressed in plaintiff's brief (at pp. 4-7), thereby waiving any possible waiver argument. Shelton v. Director, OWCP, 899 F.2d 690, 692 (7th Cir.1990). The reply brief considered this matter as well (at pp. 4-7).
 
 
 7
 Section 2000e-5(k) allows a prevailing party in a Title VII case to recover attorney's fees, 42 U.S.C. Sec. 2000e-5(k), when a court finds a plaintiff's claim "frivolous, unreasonable, or groundless." Christianburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 422 (1978). In deciding the attorney's fees issue under Sec. 2000e-5(k), the district court found that Whatley's claim was not frivolous. R. Item 124 at 3.
 
 
 8
 Masciopinto argues that he is entitled to attorney's fees under Sec. 2000e-5(k), not because Whatley's claim itself was frivolous, but because it was frivolous to have added him as a defendant in view of so-called "jurisdictional" defects. His reasoning is that not only was he forced to defend a suit that he won even after making a good faith offer of settlement, he incurred legal expenses that he should never have had to incur because he was wrongly joined in this case in the first place. By analogy Masciopinto argues that because a complaint that violates jurisdictional requirements can be grounds for Rule 11 sanctions, Dubisky v. Owens, 849 F.2d 1034 (7th Cir.1988), such a complaint should also be considered frivolous for purposes of awarding a prevailing party attorney's fees.
 
 
 9
 Masciopinto filed a motion to dismiss Whatley's complaint as to him on three supposedly jurisdictional grounds. The first was that he was not named in the Charge of Discrimination.[1] His argument is that a civil action may be brought only against the respondent named in the charge. Eggleston v. Chicago Journeymen Plumbers, Etc., 657 F.2d 890, 905 (7th Cir.1981). The only respondent named in Whatley's charge was Super Low Foods, the employer. This leads to his second ground, that he was not the plaintiff's employer. His argument was that he had no power to hire or set salaries and he was not in charge of the overall operation of the store. His third ground was that Whatley's pendent state claims of intentional infliction of emotional distress had no independent basis of federal jurisdiction.
 
 
 10
 The district court addressed each of these grounds in its opinion denying the motion (R. Item 41): 1) Masciopinto was named in the charge as Whatley's "Department Manager" and had adequate notice of the charge during two interviews conducted by the EEOC, Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126-27 (7th Cir.1989) (exception to the general rule that a party must be named in the charge exists where the "unnamed party had adequate notice of the charge under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance"; 2) Deposition testimony by both Masciopinto and his co-defendants established that he was Whatley's supervisor; and 3) Pendent jurisdiction existed under the guidelines of United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Order, November 6, 1989. Masciopinto then asked for reconsideration and a jurisdictional hearing. The district court gave Whatley an opportunity to respond with affidavits before denying Masciopinto's motion to reconsider. The court found the affidavits sufficient to prove that Masciopinto had notice of the EEOC charge.
 
 
 11
 Masciopinto contends that the district court wrongly denied him a hearing on jurisdiction. He interprets our holding in Crawford v. United States as requiring an evidentiary hearing when a defendant requests one. 796 F.2d 924, 928 (7th Cir.1986). His reliance on Crawford is misplaced. Crawford speaks of "documents that might obviate the need for oral testimony," id., and states that "[o]ften the only evidence necessary to resolve a jurisdictional issue is documentary." Id. at 928-929. Masciopinto adds that he was denied an opportunity to file a counter-affidavit because the district court ruled on his motion to dismiss on the day after the plaintiff's affidavit was filed and served by mail. However, there has been no showing that the result would have otherwise been different.
 
 II.
 
 12
 Masciopinto is asking this Court to reject the Supreme Court's clear pronouncement in Delta that Rule 68 simply does not apply when defendants prevail. We are bound by the Supreme Court's interpretation of Rule 68 and therefore the district court's denial of Masciopinto's costs under Rule 68 was appropriate. Because the district judge did not erroneously deny the motion to dismiss and did not abuse her discretion in finding that this Title VII suit against Masciopinto was not frivolous, the denial of attorney's fees under 42 U.S.C. Sec. 2000e-5(k) also was proper.
 
 
 
 [1]
 As part of this ground, he claims he was not given an EEOC "Notice of the Right to Sue," but the Notice form is of course for the benefit of a plaintiff and does not provide for the listing of a potential defendant