47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles RAUBUCK, Petitioner,
v.
OFFICE OF WORKERS COMPENSATION PROGRAMS, Respondent.
 No. 94-2220.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 13, 1994.
Decided Jan. 11, 1995.
 
 Before CUDAHY, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Charles Raubuck seeks disability benefits under the Black Lung Benefits Act (the Act), 30 U.S.C. Secs. 901 et seq. He petitions this court for review of the denial of benefits under the Act by the Administrative Law Judge (ALJ) and affirmed by the Benefits Review Board (the Board). We affirm and deny the petition for review.
 
 I. FACTS
 
 2
 Petitioner Raubuck worked as a coal miner for forty and one-half years and retired in March of 1983. At that time, he had been a heavy smoker for many years.[1] In October of 1982, Raubuck filed a claim for Black Lung Benefits under the Act. Since then, this case has been before the ALJ and the Board several times.
 
 
 3
 After the Director of the Office of Worker's Compensation Programs (OWCP) made an initial finding of entitlement, Amax appealed and the case was assigned to an ALJ. In awarding benefits, the ALJ found the existence of pneumoconiosis, that the pneumoconiosis arose out of Raubuck's coal mine employment, that Amax failed to rebut the presumption that the pneumoconiosis arose out of coal mine employment, and that Raubuck was totally disabled. The ALJ, however, did not address whether Raubuck's disability was due to pneumoconiosis. The Board vacated the ALJ's award and remanded the case to make a specific finding as to this issue. Upon reconsideration, the ALJ denied benefits, applying the causation standard that requires that the pneumoconiosis must be "in and of itself" the cause of the total disability.
 
 
 4
 Raubuck appealed the ALJ's decision to the Board. While the appeal was pending, this court announced a new standard for causation, requiring that pneumoconiosis be a "necessary cause" of a miner's disability. See Shelton v. Director, OWCP, 899 F.2d 690, 693 (7th Cir.1990). The Board then remanded the case for reconsideration in light of the standard for causation articulated in Shelton. On remand, the ALJ once again denied benefits after review of the medical evidence, finding that Raubuck did not establish that his pneumoconiosis is a "but for" cause of his disability. The Board affirmed, and Raubuck now appeals to this court.
 
 II. MEDICAL EVIDENCE
 
 5
 The ALJ considered the medical opinions of Drs. Ali, Browne, Wilhelmus, Schwartz and Howard, but determined that Dr. Ali and Dr. Wilhelmus did not address the issue of total disability.[2] Therefore, this court must look to the medical evidence and opinions of Drs. Browne, Schwartz and Howard to determine whether the ALJ's decision is rational and supported by substantial evidence.
 
 A. Dr. Browne
 
 6
 Dr. Browne, a pulmonary specialist, diagnosed Raubuck with chronic obstructive pulmonary disease (COPD), a combination of bronchitis and emphysema. Raubuck also has a bronchospastic condition that improved with appropriate medication. Dr. Browne also diagnosed Raubuck with coal miner's pneumoconiosis. Dr. Browne opined that Raubuck's test results are consistent with an impairment due to cigarette smoking, thereby accounting for his pulmonary abnormalities. Raubuck's pulmonary function studies protected liberty interest in having a hearing within eight days. Without a liberty interest, there can be no procedural due process violation.
 
 
 7
 Martin also contends that he was subject to cruel and unusual punishment while in segregation. Martin alleged that his cell was without lights and without running water for a number of days. He further alleged that he was denied his personal hygiene supplies for 72 hours. Martin was transferred to another cell in segregation after two months. However, Martin has not described an unconstitutional environment or alleged that he suffered any physical harm. See Lunsford v. Bennett, 17 F.3d 1574, 1579-80 (7th Cir.1994) (temporary discomfort and deprivation of personal hygiene supplies does not violate the Constitution). We AFFIRM the judgment of the district court.
 
 
 
 [1]
 The record reflects that Raubuck smoked one and one-half packs of cigarettes daily for 39 years
 
 
 [2]
 Raubuck does not challenge this finding