165 F.3d 1126
 PEABODY COAL COMPANY and Old Republic Insurance Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; and Joan Durbin, as
widow of Ronald Durbin, Respondents.
 No. 97-3721.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 29, 1998.
Decided Jan. 20, 1999.
 
 Mark E. Solomons (argued), Laura M. Klaus, Arter & Hadden, Washington, DC, for Petitioners.
 Michelle S. Gerdano, Dept. of Labor, Appellate Litigation, Jeffrey S. Goldberg, Christian P. Barber, Dept. of Labor, Office of Solicitor, Washington, DC, for Respondent Office of Workers' Compensation Programs.
 Sandra M. Fogel (argued), Culley & Wissore, Carbondale, IL, for Respondent Durbin.
 Before POSNER, Chief Judge, and BAUER and WOOD, Jr., Circuit Judges.
 POSNER, Chief Judge.
 
 
 1
 Peabody Coal challenges the award of black lung benefits in a typically protracted case that began when Ronald Durbin applied for benefits in 1975 (shortly after he had retired following a heart attack) and that has outlived him. We can skip over the intermediate proceedings and come directly to the administrative law judge's opinion of June 1994, awarding the benefits to Durbin's widow. The administrative law judge invoked the invalid "true doubt" rule, Director v. Greenwich Collieries, 512 U.S. 267, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994); Freeman United Coal Mining Co. v. Hilliard, 65 F.3d 667, 668 (7th Cir.1995); Van Dyke v. Missouri Mining Inc., 78 F.3d 362, 363 n. 1 (8th Cir.1996); Consolidation Coal Co. v. McMahon, 77 F.3d 898, 902-03 (6th Cir.1996), to find that the x-ray evidence established a presumption that Durbin had been totally disabled as a result of having black lung disease (pneumoconiosis). This error does not warrant reversal, however, because the administrative law judge found in the alternative that Durbin's autopsy "produced uncontroverted evidence of pneumoconiosis." 20 C.F.R. § 727.203(a).
 
 
 2
 At this point the burden shifted to the coal company to prove if it could that Durbin did not have, or was not totally disabled by, pneumoconiosis. § 727.203(b); R & H Steel Buildings, Inc. v. Director, 146 F.3d 514, 517 (7th Cir.1998); Plesh v. Director, 71 F.3d 103, 112 (3d Cir.1995). Again the administrative law judge committed a harmless error, remarking that "if Claimant is disabled by any condition, rebuttal is not effected" (emphasis in original). This is false; if the claimant is disabled, but not by pneumoconiosis, he is not entitled to benefits. § 727.203(b)(3); Blakley v. Amax Coal Co., 54 F.3d 1313, 1320 (7th Cir.1995); Stiltner v. Island Creek Coal Co., 86 F.3d 337, 339 (4th Cir.1996). The error is harmless because the administrative law judge discussed the cause of Durbin's becoming totally disabled and concluded that pneumoconiosis was the (or a) cause. The proper question, stated more precisely, is whether, had it not been for his pneumoconiosis, Durbin would have been able to continue working in the mines. Zeigler Coal Co. v. Kelley, 112 F.3d 839, 843 (7th Cir.1997); Shelton v. Director, 899 F.2d 690 (7th Cir.1990). We think the administrative law judge can be taken to have been trying to answer that question.
 
 
 3
 Where he stumbled badly, however, was in the answer he gave ("yes"), which depended, to an extent impossible to determine from the record, on his discrediting the evidence of a Dr. Fino, conceded to be the best-qualified medical expert in this case, that pneumoconiosis could not have been responsible for Durbin's inability to continue working as a coal miner. In reaching this conclusion Fino had relied heavily on a review by a Dr. Naeye of the report of Durbin's autopsy by the pathologist who had conducted it. The report showed that Durbin had been ravaged by heart disease, and both Naeye and Fino believed that Durbin had been disabled by a combination of that disease with emphysema due to cigarette smoking, rather than by his pneumoconiosis, which, they inferred from the report of the autopsy, was too mild to be totally disabling. The only ground that the administrative law judge gave for finding that Fino's opinion about the cause of Durbin's disability "cannot count for much" (so far as we can determine, the administrative law judge counted it for nothing) is that Naeye's review, on which Fino had relied, was not in evidence, the coal company having inadvertently failed to submit it by the deadline for introducing evidence.
 
 
 4
 The administrative law judge thus believed that an expert cannot base an opinion even in part on materials that are not part of the record. That is nonsense. Rule 703 of the Federal Rules of Evidence is explicit that the materials on which an expert witness bases an opinion need not be admissible, let alone admitted, in evidence, provided that they are the sort of thing on which a responsible expert draws in formulating a professional opinion. United States v. Vest, 116 F.3d 1179, 1185 (7th Cir.1997); In re James Wilson Associates, 965 F.2d 160, 172-73 (7th Cir.1992); Baker v. Dalkon Shield Claimants Trust, 156 F.3d 248, 252 (1st Cir.1998); Arkwright Mutual Ins. Co. v. Gwinner Oil, Inc., 125 F.3d 1176, 1182 (8th Cir.1997). (And provided also that the opposing party has had a chance to review the materials before trial. Fed.R.Civ.P. 26(a)(2)(B).) There is no contention that these conditions were not satisfied. Naeye's report may have been put into evidence late, but there is no suggestion that it was too late to enable the claimant to prepare a rebuttal or that Fino was irresponsible in relying on the report in formulating his own opinion about the causality of Durbin's disability.
 
 
 5
 The claimant points out that administrative agencies in general, and administrative law judges in black lung cases in particular, are not bound by the rules of evidence. FTC v. Cement Institute, 333 U.S. 683, 705-06, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); Dotson v. Peabody Coal Co., 846 F.2d 1134, 1138 (7th Cir.1988); Villegas-Valenzuela v. INS, 103 F.3d 805, 812 (9th Cir.1996); 20 C.F.R. § 725.455(b). But the proper inference is the opposite of the one that she asks us to draw. The rules of evidence are primarily designed to protect jurors, viewed as naive or inexperienced factfinders, from being muddled or inflamed by misleading, prejudicial, unreliable, confusing, or repetitious evidence. Greycas, Inc. v. Proud, 826 F.2d 1560, 1568 (7th Cir.1987); 2 Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise § 10.1, p. 118 (3d ed.1994). The reason these rules are not applicable to agencies is that being staffed by specialists the agencies are assumed to be less in need of evidentiary blinders than lay jurors or even professional, though usually unspecialized, judges. Evidence that might merely confuse a lay factfinder may be essential to the exercise of expert judgment by a specialized professional adjudicator. If, therefore, expert witnesses are allowed to base their evidence on inadmissible materials even in jury trials--and they are, as we have noted--it is even clearer that they should be allowed to do so in trials before administrative tribunals. Cf. Woolsey v. National Transportation Safety Board, 993 F.2d 516, 520 (5th Cir.1993); Yanopoulos v. Department of the Navy, 796 F.2d 468 (Fed.Cir.1986) (per curiam); 2 Davis & Pierce, supra, § 10.1, p. 118.
 
 
 6
 Maybe there are areas of administrative law in which the normal rules of evidence ought to be tightened rather than loosened, though we cannot think of any. There is no suggestion that black lung cases are one of those areas. Neither Congress nor the Department of Labor thinks so. Nothing in the statutes or regulations applicable to such cases supports the decision of the administrative law judge to impose tighter limits on expert witnesses in black lung cases than the Federal Rules of Evidence impose in ordinary civil and criminal trials.
 
 
 7
 Given Dr. Fino's superior credentials and emphatic and reasoned conclusion that Durbin was not disabled by black lung disease, the administrative law judge's error in discrediting his evidence cannot be dismissed as harmless. Though reluctant to protract this 23-year-old case further, we have no alternative to vacating the decision of the Benefits Review Board upholding the award of benefits to Mrs. Durbin, and remanding the case for further proceedings consistent with this opinion.
 
 
 8
 VACATED AND REMANDED.