**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN D. SMITH, JR.,

                  *Petitioner,*

      v.

JEWELL SMOKELESS COAL
CORPORATION; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

               *Respondents.*

No. 00-1721

On Petition for Review of an Order
of the Benefits Review Board.
(No. 99-298-BLA)

Argued: April 4, 2001

Decided: May 15, 2001

Before WILKINS and KING, Circuit Judges, and
Frederic N. SMALKIN, United States District Judge for the
District of Maryland, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Thomas C. Antenucci, COPELAND, MOLINARY &
BIEGER, Abingdon, Virginia, for Petitioner. Ronald Eugene Gilbert-
son, BELL, BOYD & LLOYD, P.L.L.C., Washington, D.C., for
Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

John D. Smith, Jr., a former coal miner with eight years service in the mines, seeks review of the Benefits Review Board's (BRB) decision and order affirming the administrative law judge's (ALJ) denial of black lung benefits pursuant to 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 2000). Because we conclude that the BRB's decision is supported by substantial evidence, we affirm.

As explained in more detail below, this proceeding has an extensive administrative history. The ALJ initially assigned to the case concluded that Smith was entitled to benefits. On appeal by the employer, Jewell Smokeless, the BRB vacated the ALJ's conclusion that Smith was totally disabled and remanded the case to permit the ALJ to reweigh the medical evidence. On remand, the matter was assigned to a second ALJ. The second ALJ concluded that Smith was not disabled. On Smith's appeal, the BRB again remanded. On this remand, the second ALJ again concluded that Smith was not disabled. Smith again appealed to the BRB. The BRB reversed the denial of benefits. Jewell Smokeless then requested reconsideration. Upon reconsideration, the BRB vacated its decision and remanded yet again for further review of the medical evidence. On this remand, the case was assigned to a third ALJ. This ALJ concluded that Smith was not disabled. Once more, Smith appealed and, on this occasion, the BRB affirmed the ALJ's denial of benefits. This petition for review followed.

An understanding of the issues raised by Smith's petition for review requires a more complete explanation of the substance of the medical evidence and the legal issues raised at the various administrative proceedings.

Smith filed his claim for benefits in July 1985, and after the Department of Labor denied the claim, it was assigned to an ALJ. The

ALJ conducted a hearing on September 29, 1988. At the hearing, the ALJ received exhibits that included the results of several medical evaluations of Mr. Smith conducted between 1974 and the date of the hearing. Mr. Smith also testified at the hearing.

The ALJ found that the chest x-ray evidence demonstrated that Smith suffers from pneumoconiosis, and that Smith's pneumoconiosis arose out of his coal mine employment. In considering whether the evidence supported a finding that Smith was totally disabled, the ALJ reviewed six pulmonary function tests and nine blood gas studies. He determined that this evidence was not sufficient to demonstrate total disability, nor was there any evidence that Smith suffered from cor pulmonale with right sided congestive heart failure. The ALJ then considered the medical opinion evidence regarding total disability, consisting of reports from several doctors who treated Smith.

Doctor McVey treated Smith for various medical conditions, including pulmonary and respiratory problems. Dr. Hansen diagnosed Smith as suffering from pneumoconiosis, with other pulmonary problems including emphysema and chronic bronchitis. Dr. Waugh conducted a cardiac catherization on Smith and determined that his recurrent chest pain was not of cardiac origin. None of these doctors, however, expressed any opinion regarding disability. Accordingly, the ALJ did not consider their views in determining whether Smith was totally disabled.

Dr. Karpynec conducted a neurological examination of Smith to evaluate chest pain, low back pain, and pain of the lower extremities. He opined that Smith was unable to perform his duties as a coal miner due to multi-level degenerative disease of the spine and "underlying pulmonary disease which is also a contributing factor," but did not specify the nature or impact of this pulmonary disease. The ALJ did not consider this opinion.

Dr. Byers, who is board certified in internal medicine and pulmonary medicine, examined Smith in 1986 on behalf of the employer. He was also deposed prior to the hearing. Dr. Byers noted a smoking history of one and one-half packs per day for forty-five years, and one-half pack per day at the time of the examination. In his report, Dr. Byers also noted a history of exposure to asbestos starting in 1954,

which is consistent with Smith's employment history. At the hearing conducted by the first ALJ, however, Smith denied that he had ever been exposed to asbestos, or that he had related a history of exposure to Dr. Byers. Dr. Byers' examination noted that breath sounds were clear at rest, and that a forced expiratory maneuver revealed a moderate large airway wheeze without significant prolongation. Pulmonary function testing conducted in conjunction with the examination suggested a mild restrictive ventilatory defect, with improvement after administration of bronchodilators, indicating a reversible obstructive airway disease. Arterial blood gas testing indicated mild hypoxemia, with a carboxy hemoglobin level in the toxic range.

Dr. Byers stated that the carboxy hemoglobin level indicated significant recent inhalation of toxic fumes, which he attributed to Smith's "heavy chronic tobacco abuse." This level indicated that Smith's cardiac and respiratory workload was increased by twenty to twenty-five percent as a result of impaired ability of the blood to transport oxygen. Dr. Byers interpreted a chest x-ray taken in his office as consistent with pulmonary fibrosis that could result from asbestosis. The x-ray was not consistent with pneumoconiosis. Dr. Byers concluded that Smith suffered a mild respiratory impairment resulting from a mild restrictive ventilatory pattern and a possible mild obstructive process, neither of which would be considered disabling, or prevent Smith from performing his last employment. Dr. Byers also noted a significant asbestos exposure and x-ray pattern consistent with asbestosis. Finally, Dr. Byers found no evidence of coal worker's pneumoconiosis.

Dr. Garzon, who is board certified in internal medicine, examined several medical reports and test results, excluding the four most recent x-rays, in February 1988. Dr. Garzon concluded that there was no medical evidence of a totally disabling chronic respiratory impairment arising out of coal mine employment. From a pulmonary and respiratory standpoint, Smith was capable of returning to his former employment in coal mining. Finally, he stated that there was no convincing evidence of coal worker's pneumoconiosis, but the x-rays suggested asbestosis.

Dr. Robinette, who is board certified in internal medicine and pulmonary medicine, examined Smith in September 1988. Dr. Robinette

noted at least a fifty pack year history of smoking cigarettes. On examination he noted diminished breath sounds with diffuse wheezes and prolongation of the expiratory phase. He evaluated a chest x-ray as showing mild diffuse interstitial fibrosis and scattered opacities consistent with pneumoconiosis. He noted that there was no evidence of pleural calcification or changes indicating pulmonary asbestosis. Pulmonary function studies showed a decreased FVC, normal total lung capacity, and markedly increased diffusion capacity; blood gas studies showed a normal carbon dioxide level and decreased oxygen level. These results were compatible with moderately severe obstructive pulmonary disease, without significant response to bronchodilator therapy. He diagnosed coal worker's pneumoconiosis, moderately severe obstructive pulmonary disease, chronic bronchitis, probable arteriosclerotic cardiovascular disease with angina, history of abdominal aortic aneurysm, and mild degenerative arthritis. He opined that Smith has an occupational acquired pneumoconiosis with "a moderately severe obstructive ventilatory defect which would prohibit him from returning to work as an underground coal miner." Dr. Robinette also advised Smith to stop smoking because of the significant impact on his airway function. He concluded by stating that he believed Smith's "pulmonary disease is chronic and is probably irreversible."

In considering the medical opinions of Doctors Byers, Garzon, and Robinette, the ALJ accorded great weight to the opinion of Dr. Robinette because he had examined Smith most recently, was highly qualified, and his conclusions were supported by the reports of Doctors Hansen and Karpynec. He accorded less weight to the opinion of Dr. Byers because of what he deemed confusing references to asbestosis in Dr. Byers' report, and the fact that other x-ray interpretations contradicted this evaluation by Dr. Byers. The ALJ did not discuss Dr. Garzon's opinion, erroneously noting that "[o]nly Dr. Byers found no evidence of pulmonary disability." As a result, the ALJ concluded that Smith was totally disabled due to pneumoconiosis under the criteria of 20 C.F.R. § 718.204(c)(4) (2000), and awarded benefits.

On Jewell Smokeless' appeal, the BRB affirmed the ALJ's findings regarding the length of coal mine employment, the existence of pneumoconiosis, that the pneumoconiosis is related to Smith's coal mine employment, and that Smith failed to demonstrate total disability pursuant to the criteria set forth at § 718.204(c)(1)-(3). Because the ALJ

had not explained his failure to discuss the opinion of Dr. Garzon, the BRB vacated the ALJ's finding of total disability and remanded to the ALJ to reweigh all the medical opinions pursuant to § 718.204(c). The BRB instructed that if the ALJ again found Smith to be totally disabled, he should more thoroughly articulate the basis for finding that the disability was due to pneumoconiosis.

On remand, the case was assigned to a different ALJ, because the first ALJ was no longer available. This ALJ examined the medical evidence of record, credited the opinion of Dr. Garzon over that of Dr. Robinette, and found that the evidence did not show the existence of a totally disabling respiratory or pulmonary impairment. The ALJ did not reach the issue of causality and denied benefits.

On Smith's appeal, the BRB determined that the ALJ erred in weighing the conflicting medical opinions as to total disability, and it remanded once again. The ALJ was instructed to consider the reliability of the opinions of Doctors Garzon and Byers in light of the fact that they did not diagnose pneumoconiosis. On remand, the ALJ cited this Court's decision in *Grigg v. Director, Office of Workers' Compensation Programs*, 28 F.3d 416 (4th Cir. 1994), and accorded only minimal weight to the opinions of Doctors Byers and Garzon. He also gave only minimal weight to the opinion of Dr. Robinette, however, citing *Walker v. Director, Office of Workers' Compensation Programs*, 927 F.2d 181 (4th Cir. 1991), because Dr. Robinette did not discuss the exertional requirements of Smith's coal mine employment. Having found the relevant opinion evidence of little weight, the ALJ concluded that Smith had not established total disability due to pneumoconiosis, and again denied benefits.

Smith again appealed, and the BRB affirmed the ALJ's application of *Grigg* and assignment of minimal weight to the opinions of Doctors Byers and Garzon, but held that the ALJ misapplied *Walker* in evaluating the opinion of Dr. Robinette. The BRB held that Dr. Robinette's opinion was the only probative evidence in the record regarding total disability and causation, and was more than substantial evidence to establish each. The BRB reversed the denial of benefits and remanded for the award of benefits.

The employer then requested reconsideration, which the BRB granted. The BRB vacated its earlier decision affirming the ALJ's

application of *Grigg*, and remanded to the ALJ for consideration of the medical evidence in light of *Dehue Coal Co. v. Ballard*, 65 F.3d 1189 (4th Cir. 1995), and *Hobbs v. Clinchfield Coal Co.*, 45 F.3d 819 (4th Cir. 1995). On remand, yet another ALJ was assigned to the case. The ALJ reviewed the medical opinion evidence and concluded that the evidence was not sufficient to establish that Smith suffered from a totally disabling respiratory or pulmonary impairment, but that the evidence supported a finding that Smith's heavy tobacco use is an independent cause of any disabling respiratory impairment, in any event. The ALJ accorded greater weight to the opinion of Dr. Byers, finding that Dr. Byers thoroughly explained the basis for his conclusions, while Dr. Robinette failed to explain his diagnosis in light of the objective test results and did not address the impact of Smith's lengthy smoking history. The ALJ also noted that Dr. Garzon's opinion supports that of Dr. Byers. The BRB found that the ALJ's crediting of Dr. Byers' opinion was supported by substantial evidence, and affirmed the ALJ's finding of no total disability and denial of benefits. Smith filed a timely petition for review.

Before this court, Smith contends that the ALJ and BRB erred in applying this court's precedent in that the opinion of a physician who fails to diagnose pneumoconiosis should be given little, if any, weight where the ALJ finds the disease present, and that the ALJ and BRB failed to weigh all relevant evidence and misstated the evidence. Jewell Smokeless filed a response brief urging affirmance of the BRB's decision and order. The Director, Office of Workers' Compensation Programs, declined to participate in this appeal.

This court reviews decisions of the BRB to determine whether the BRB properly found that the ALJ's decision was supported by substantial evidence and in accordance with law. *See Doss v. Director, Office of Workers' Compensation Programs*, 53 F.3d 654, 658 (4th Cir. 1995). Subject to the substantial evidence requirement, the ALJ has the sole authority to make credibility determinations and resolve inconsistencies or conflicts in the evidence. *See Grizzle v. Pickands Mather & Co.*, 994 F.2d 1093, 1096 (4th Cir. 1993). An ALJ, however, may rely only on a medical opinion that constitutes a reasoned medical judgment. *See Freeman United Coal Mining Co. v. Cooper*, 965 F.2d 443, 448 (7th Cir. 1992).

To establish that he is entitled to black lung benefits in a case under Part 718, a miner must prove: "(1) he has pneumoconiosis; (2) the pneumoconiosis arose out of coal mine employment; (3) he has a totally disabling respiratory or pulmonary condition; and (4) pneumoconiosis is a contributing cause to his total respiratory disability." *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 529 (4th Cir. 1998). The first two requirements are not contested in this appeal.

Smith first contends that the ALJ erred by not applying this court's holdings in *Grigg* and *Toler v. Eastern Associated Coal Co.*, 43 F.3d 109 (4th Cir. 1995), in determining what weight to give the opinions of Doctors Byers and Garzon, because they did not diagnose pneumoconiosis. Our review of the record convinces us that these cases are distinguishable, and that this court's decisions in *Ballard* and *Hobbs* support the ALJ's analysis. First, *Grigg* arose under the regulations at section 727, and involved medical opinion evidence for rebuttal of an interim presumption of total disability. In this case, no presumptions are applicable, and Smith bears the burden of establishing every element of entitlement to benefits. Second, in *Hobbs* and *Ballard*, this court limited the holding of *Grigg*, stating that "a physician's opinion premised on an understanding that the miner does not suffer from coal workers' pneumoconiosis may hold probative value." *Dehue*, 65 F.3d at 1193; *Hicks*, 138 F.3d at 535. Third, the concerns underlying the decisions in *Toler* and *Grigg* are inapplicable to this case. *Toler* held that an opinion finding no disability "due to" pneumoconiosis carries little weight where the doctor mistakenly assumed, contrary to the finding of the ALJ, that no pneumoconiosis existed. *See Toler*, 43 F.3d at 116. In this case, disability causation is not at issue, because the Board affirmed only the ALJ's finding of no total disability.

*Grigg* held a medical opinion finding no respiratory or pulmonary impairment insufficient to rebut the Part 727 presumption of entitlement where the opinion was based on the false assumption that the miner did not suffer from pneumoconiosis. *Grigg*, 28 F.3d at 419. *Grigg* reflects the concern that a doctor who finds no pneumoconiosis will erroneously assume the absence of respiratory disability because of erroneously assuming the absence of respiratory disease. In this case, however, Doctors Byers and Garzon both found respiratory disease, but attributed it to asbestos exposure. While their opinions regarding the source of the disease conflicted with the ALJ's finding,

this difference does not bear on the entirely separate issue of whether the miner's respiratory problems were disabling in degree.

Smith's contention that the opinions of Doctors Byers and Garzon regarding the existence of disability are based on their conclusion that the evidence was inconsistent with coal workers' pneumoconiosis is baseless. In particular, Dr. Byers' report reflects a complete medical history and physical examination that included pulmonary function tests and blood gas tests. Review of Dr. Byers' report reveals that his conclusions regarding the extent of Smith's impairment and its impact on his ability to continue employment are the result of Dr. Byers' consideration of all the information he obtained in his examination, and not simply his finding of no coal workers' pneumoconiosis. While Dr. Garzon's conclusions are stated in a much more abbreviated manner than those of Dr. Byers, it is also clear that he based his conclusion that Smith was not totally disabled on the entirety of the medical evidence he reviewed, rather than only on his interpretation of the x-rays as "suggestive of asbestosis." This assertion of error is without merit.

Smith next contends that the ALJ and BRB failed to weigh all relevant evidence and made substantial errors in stating the evidence. Smith cites the fact that only the first ALJ listed the x-ray evidence in his report to support the assertion that subsequent ALJs and the BRB did not consider this evidence. Ultimately, Smith makes this assertion to restate his contention that the opinions of Doctors Garzon and Byers should have been discredited because of their conclusion that the x-rays were suggestive of asbestosis. Moreover, the x-ray evidence is diagnostic of the existence of pneumoconiosis—an issue decided in Smith's favor—and does not bear on the existence of disability.

Smith also contends that the ALJ misstated the evidence regarding the pulmonary function test conducted by Dr. Robinette, which Smith states produced a qualifying result before bronchodilators. The record reveals, however, that only the FEV1 parameter of this test was qualifying, and therefore the overall test did not demonstrate disability pursuant to § 718.204(c)(1), as all three parameters must be less than the values in appendix B of the regulations. Smith also argues that the ALJ did not properly consider that the report of Dr. Byers is contra-

dicted by the diagnoses of pneumoconiosis by Dr. Hansen and the finding of disability by Dr. Karpynec. The ALJ's opinion demonstrates that he properly considered these reports, which do not adequately address the issue of Smith's disability. Finally, Smith cites an apparent typographical error in the ALJ's report concerning the date that Dr. McVey instructed Smith to return to work. This contention is without merit, as a reading of the ALJ's report as a whole clearly reveals this error is merely typographical and not substantive. Moreover, contrary to Smith's assertion, it in no way indicates a lack of care or precision in the ALJ's analysis.

We conclude that the record contains substantial evidence to support the ALJ's conclusion that the medical opinion evidence did not establish that Smith suffers from a totally disabling respiratory impairment. The ALJ's weighing of the conflicting medical opinions was reasonable. He thoroughly discussed the opinions of Doctors Robinette and Byers, the depth of their reasoning and explanations, and his reasons for giving greater weight to Dr. Byers' opinion.

While Dr. Robinette discussed the results of pulmonary function tests and blood gas studies, he failed to explain his finding that Smith is disabled in the face of the nonqualifying results of these tests. Further, although he advised Smith to quit smoking, Dr. Robinette does not explain how, if at all, Smith's over fifty pack-year smoking history may have contributed to the impairment Dr. Robinette describes, particularly in light of Smith's relatively short eight years in the mines. This failure undermines the overall probative value of Dr. Robinette's report. *See Ballard*, 65 F.3d at 1196; *Shelton v. Director, Office of Workers' Compensation Programs*, 899 F.2d 690, 693 (7th Cir. 1990). The ALJ correctly noted this discrepancy, and he discounted Dr. Robinette's report appropriately.

Our review of the record and consideration of oral argument lead us to conclude that the Board's decision is based upon substantial evidence and is without reversible error. Accordingly, the decision of the Board is affirmed.

*AFFIRMED*